ALBE M. SAXTON, Respondent, v. JAMES T. BEACH AND WIFE, Appellants.

1. *Tax bills—St. Joseph, city of — City council — Resolution —Action of mayor.* — Under the amendment to the charter of St. Joseph, approved November 21, 1872, by virtue of which " the mayor and councilmen of the city of St. Joseph " had power to macadamize, etc., streets and alleys, the city council had no power to direct work of such character to be done except when acting in conjunction with the mayor, and a tax bill based on the action of the council alone, without the co-operation of the mayor, would be invalid.

*Appeal from Buchanan Court of Common Pleas.*

*Sherman & Chandler,* and *Vories & Vories,* for respondent.

*Ensworth, Hill & Carter,* for appellants.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by the respondent on certified tax bills for macadamizing, guttering and curbing done adjoining appellants' property. The counsel for the appellants submit the case on one single point, namely: that there was no authority for doing the work.

The only authorization that is shown on the part of the city of St. Joseph for doing the work is a resolution which was introduced in the city council, and adopted by that body, instructing the city

engineer to advertise for the macadamizing, guttering and curbing of the streets on which the appellants' property fronts. Under this resolution and the advertisement made in conformity thereto, bids were received and a contract was made by the engineer for doing the work.

The charter of the city of St. Joseph, previous to 1867, unquestionably required the passage of an ordinance by the mayor and city council to authorize the grading of a street and charge of the cost against the adjacent property-holders. But it is contended that by an amendment to the charter, approved November 21, 1872, an ordinance is no longer necessary. The amendment is in these words: "The mayor and councilmen of the city of St. Joseph shall have power within the city to macadamize, pave, or otherwise improve and keep in repair streets, alleys and avenues." Then follow the provisions for assessing the cost of the work against the owners when the mayor and city council order the same to be done. Though the language of the amendment is indefinite, and points out no particular manner in which the mayor and council shall proceed to direct the work to be done on streets, it is very doubtful whether it was intended to dispense with an ordinance to effectuate that object. But waiving that point, it is very clear to my mind that the resolution in this case was not a compliance with the requirements of the provision relied on. The amendment contemplates legislation upon the part of the city government to give the authority. The city council by itself cannot legislate, but it must act in conjunction with the mayor. If a simple resolution would be sufficient to confer the authority, before it would have any validity it would necessarily have to be signed by the mayor as a part of the law-making power. The language is that "the mayor and councilmen shall have power," etc. The co-ordinate action of both is required before their action can have any binding or obligatory force. The council can no more exercise the power by themselves than the mayor could do the act alone without the co-operation of the council. Neither can act alone, but both must unite to produce a valid law. That was not done in this case, and the consequence is that the action of the council alone was a nullity. The result is that the judgment of the court below must be reversed and the petition dismissed. The other judges concur.