ALBE M. SAXTON, Plaintiff in Error, *vs.* CITY OF ST. JOSEPH, Defendant in Error.

1. *St. Joseph, charter of—Liability for street improvement.*—Under the charter of St. Joseph, the city could not be held liable, in any manner whatever, for work done which was made a charge upon adjoining property.'

2. *Municipal corporations, concurrence of mayor and council necessary to bind —Street improvements—Claim of contractor against adjoining proprietors; against city, for work ; for expenditures in attempt to collect claim—"Ignorantia legis."*—The adoption by a city council of a resolution, ordering the city engineer to let out a contract for macadamizing, etc., a street, without the concurrent action of the mayor, is a nullity, imposing no legal obligation whatever upon the municipality, and gives the contractor no right of action against the adjoining property owners. Nor will the city be liable to him for expenditures in endeavoring to enforce the collection of his tax bills against itself. The principles of law that govern cases of illegal or imperfect execution of municipal powers,or cases where an absolute duty is imposed upon the corporation,have no application to the state of facts supposed. For a municipality cannot act at all except through the mayor and council, and the propriety of improving a street is a matter resting in the sound discretion of its officers. Moreover, the contractor must be held to know the law, and will be presumed to know that his claim is invalid.

3. *Municipalities—Liability for negligent performance of work—Rule as to, not applicable to defective legislation.*—The rule, that when a city undertakes the execution of public work authorized by its charter, though it is not bound to undertake the same, it is liable for negligence in the performance of such work, does not apply to defective municipal legislation.

## *Error to Buchanan Circuit Court.*

*Allen H. Vories,* for Plaintiff in Error.

I. Under the amended charter of the city of St. Joseph she was authorized to macadamize her streets, and the general power was conferred; but the specific mode pointed out was by ordinances. (See Saxton vs. Beach, 50 Mo., 488; Rev. Ord. St. Jo., 1869, p. 8 , § 10.) ·

II. If the defendant, in directing the macadamizing, had passed an ordinance, instead of adopting a resolution, for that purpose, she would have been exempt from any liability to be sued; and having complied with her charter the plaintiff would have had his remedy over against the property owner for the work done. (See Saxton vs. Beach, *supra;* City of St. Louis vs. Clemens, 52 Mo. 144, 145; Fisher vs. City

of St. Louis, 44 Mo., 482, 483; Wetmore vs. Campbell, 2 Sanf., 341, 351.)

III. But, failing to pass an ordinance, plaintiff had no remedy against the property owner, under § 5 of the Act of February 8th, 1865. (Laws & Ord. St. Jo., 47–8.) And defendant was under obligation to give plaintiff a remedy over for the work done, or make itself "liable in a civil action for the damages resulting to individuals from its neglect to perform the duty required." (See Dil. Munic. Corp., §§ 764–778, with cases cited; City of St. Louis vs. Clemens, *supra*.)

IV. Under the charter of defendant she had the full and general power given "to open, alter, abolish, widen and extend, establish, grade, pave, or otherwise improve and keep in repair streets, avenues, lanes, drains and sewers;" and there was, under said charter, a further provision that macadamizing streets "should be paid for by assessing the costs of same on the property benefited." (Rev. Ord. City St. Jo., 1869, p. 8, § 10, pp. 47, 48, § 5.) But the power in a municipal corporation to make local improvements, though the expense be directed in the charter to be assessed upon the property benefited, gives the corporation implied power to make general contracts therefor—and failing to comply with the special terms of the charter, which would make the improvements bear the burden of paying by assessment, the corporation itself becomes responsible for the costs of the work. (See Dil. Munic. Corp., § 648; Cummings vs. Mayor of Brooklyn, 11 Paige C. R., 596; Fisher vs. City of St. Louis, *supra; Wetmore* vs. Campbell, *supra*.)

*J. T. Baldwin, with Doniphan & Reed*, for Defendant in Error.

I. The street improvements, for which the plaintiff in error attempts to recover in this action, were made or pretended to be made in pursuance of sections 4 and 5 of "An Act to amend the charter of the city of Saint Joseph," approved February 8th, 1865. (Rev. Laws and Ord. City of St. Jo. Mo., 1869, pp. 47, 48.) Said improvements were not ordered in

the mode prescribed by charter, *i. e.* by ordinance, but by resolution, which was a nullity. (Saxton vs. Beach, 50 Mo., 488.) The cost of such improvements is clearly required to be assessed against the property benefited; and the City of St. Joseph is expressly exempted by charter from any liability whatever for any work done, which is to be paid for as provided in said § 5, which is the only mode prescribed for the payment of macadamizing, guttering, etc. Had the council attempted to bind the city, by contract, to pay for such work out of the general fund, such act would have been *ultra vires.* How then can the city become impliedly liable upon a *quantum meruit?* (18 Wis., 228; 2 Kas., 370; 1 Dil. Munic. Corp., § 381.)

II. *Assumpsit* may be maintained against a municipal corporation in certain cases upon an implied promise; but the better opinion is.that a promise to pay can never be implied where the corporation has no power to contract. (1 Dil. Munic. Corp., §§ 384, n. 1; 386, n. 1; 31 Ia., 381; 13 Pick., 343; 14 Me., 25; 30 Me., 157, 160; 13 Me., 293: 13 Gray, 347.) Where the corporation orders local street improvements to be made, for which the abutters are the parties ultimately liable, and which, by the charter, must be made by a prescribed mode, if made without any contract, or without a valid one, the doctrine of implied liability does not apply in favor of the contractor, unless indeed the corporation has collected the amount from the adjoining owners and has it in the treasury. (1 Dil. Munic. Corp., §§ 383, 384; 16 Cal., 255; 2 Cliff. C. C., 590, 596; 12 Wall., 1; 2 Black, 478.)

III. Where a statute creates a liability which did not before exist, and gives a special remedy to enforce it, that remedy and not a common law remedy, must be pursued. (17 Ind., 169; 35 Mo., 334; 2 Dil. Munic. Corp., §§ 653, 656, 759, 784; 43 Me., 322; 5 Ohio St., 20; 6 Mass., 40; 1 Met., 130; 14 Iowa, 296.)

IV. Municipal corporations are liable for acts done in what is known as their private or corporate character, or from which they derive some special or immediate emolument; but not as

to those done in their public capacity as governing agencies in the discharge of duties imposed for the public good or general benefit. (2 Dil. Munic. Corp., §§ 764, 765; 44 Mo., 479.)

V. Where the charter or incorporating act requires the officers of the city to award contracts to the lowest bidder, a contract made in violation of its provisions or requirements is illegal; and in an action brought on such contract for the work, the city may plead its illegality in defense. (1 Dil. Munic. Corp., § 388, and n. 1; 48 Mo., 17.)

VI. A person entering into a contract with a municipal corporation, for the performance of work on the streets thereof, to be paid by assessment on the district benefited, is bound at his peril, to examine the records, at the city clerk's office, to see whether the preliminary steps, required by the charter, have been taken. (24 Barb., 427; 2 Kas., 357; 12 Mich., 279; 16 Ind., 13; 1 Dil. Munic. Corp., §§ 401, 402; 13 Ind., 245.)

Hough, Judge, delivered the opinion of the court.

The question presented by this record for our determination, is the sufficiency of the following petition:

"Plaintiff states that defendant is now and has been for ten years last past, a municipal corporation, in the State of Missouri, organized under and by virtue of the laws of the State of Missouri, and that said defendant, by virtue of its charter and laws, has and has had power by ordinance to macadam, pave, curb, gutter, and otherwise improve the streets of said city; that about February, 1868, said defendant ordered the city engineer of said city to let out contracts for macadamizing, guttering, paving and curbing Sylvania street, from 8th street to the alley between Twelfth and Thirteenth streets in said city, and ordered by a resolution of said city council, said street to be macadamized, paved, curbed and guttered; that in obedience to said order, the city engineer of defendant, and in pursuance of said order, contracted with Peter Young and Frank Oberdorf to do said work, and who went on under their contract, to perform the said work in said contract mentioned, and completed the same about the first day of March, 1868,

and which said work was accepted by said engineer, in discharge of said contract; that one James T. Beach and Sarah Beach, at the time said work was done, were and still are the owners of lot 8 in block 25 in Smith's addition to the city of St. Joseph, Missouri, and said lot fronts on Sylvania street, between 8th and the alley between 12th and 13th streets in said city; that under the charter of said defendant and its ordinances, the cost of doing the said work was to be assessed on the lots, fronting on said street, in proportion to the front foot, etc.; that after said work was done, defendant's engineer assessed the cost of said work against said lot including cost of alley and street crossings at $433.00 altogether, and made his bills to that purport, and which said bills from their date, about March 1, 1868, bear interest at fifteen per cent. per annum, and delivered the same to said Young and Obendorf; that they, about May, 1868, assigned all their interest in said claims and demands to plaintiff. Plaintiff further says that about July, 1868, he commenced a suit in the Buchanan Circuit Court, afterwards by change of venue prosecuted in the Buchanan Court of Common Pleas, Missouri, against the said Beach, to recover judgment on account of said work so done, in which said last named court this plaintiff recovered a judgment on the —— day of December, 1871, for the sums of $608.75 and $79.74, in all $788.49; that said defendant appealed from said judgment to the Supreme Court of the State of Missouri, where, at its August term, 1872, the said judgment was reversed and set aside, upon the ground that defendant had ordered said work done by a resolution of its council, instead of an ordinance, and that plaintiff, by reason of the failure of said city, could not recover for said work done; that plaintiff, in said court below and in said Supreme Court, had to lay out and pay out, as costs and expenses incurred in and about said suit, the sum of $250; that demand has been made upon defendant, by plaintiff, to pay to plaintiff said sum so due him and said costs so paid, but defendant has failed to pay the same or any part thereof. Wherefore, plaintiff says that an action hath accrued to him to recover of said defendant said amount aforesaid, and for which plaintiff asks judgment."

To this petition the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and rendered final judgment thereon, and the plaintiff brings the case here by writ of error.

This court held in the case of Saxton vs. Beach (50 Mo., 488), that the resolution of the common council of defendant, ordering the work to be done, was a nullity; that if the work could have been ordered at all by resolution, it could only have been ordered by a resolution passed by both the mayor and the council; that the council could no more act alone in the premises, than the mayor could, himself act, without the concurrence of the council. The city charter declares that the city shall not be liable, in any manner whatever, for or on account of any work done, which is made a charge upon the adjoining property, fronting upon the work done. Plaintiff, having failed to collect the amount of his tax bills from the property owners, and having no recourse against the city, now seeks to recover the sum expended by him in testing the validity of the resolution of the common council, under which the work was done.

The theory of the plaintiff's case seems to be, that as the city had undertaken to order the work to be done, on account of which the tax bill was issued, and had so imperfectly and illegally executed its purpose, as to give to the contractor, and to plaintiff, as his assignee, no right of action against the property, which would have been liable, but for the fault of the city, and in consequence thereof, he had fruitlessly expended the sum of $250 in attempting to collect said tax bill, that the city is liable to him in damages to that amount.

According to our view, the city never attempted to act in the premises. It could only act in such matters by its mayor and council. The act of the council alone was not the act of the city. The letting of the contract by the engineer, and the acceptance of the work by him, and the issuance of the tax bill, would have been as valid and binding without the resolution of the common council, as those acts were with it.

There was no action whatever, imperfect or defective, on the part of the only officers who were authorized by the charter to act for and bind the city in the premises. This action, therefore, would seem to be, in reality, an effort to hold the city liable for the failure of its mayor and council to order the work to be done, which the council alone, attempted to direct to be done.

From all that appears in this case, the city was under no legal obligation to the plaintiff, or the contractor, or the public, to order this work to be done. (Mills vs. The City of Brooklyn, 32 N. Y., 495, *et seq.*) That was a matter resting in the sound discretion of its mayor and council, and a question in which neither the contractor nor the plaintiff had any interest, at the time, so far as appears from the face of the petition.

In the case of Clayburgh vs. City of Chicago (25 Ill., 535), an action was sustained against the city for neglecting and wilfully refusing to collect an assessment levied to compensate the plaintiff for damages sustained by reason of opening a street over his lot; but, in that case, the duty imposed was absolute and perfect, was not discretionary or judicial, and was one owing to the plaintiff.

Nor is the case at bar analagous to that of Fisher vs. The City of St. Louis (44 Mo., 482), cited by plaintiff, the facts of which it is not necessary to recite here. But it may not be out of place to remark, that the case of Wetmore vs. Campbell (2 Sandf., 350-1), cited by Judge Currier in support of Fisher's right to recover in that case, arose upon statutes authorizing the corporation of the city of New York to construct sewers in either of two methods; first, they could have an estimate and assessment of the probable expense made, confirmed and collected, and then proceed to the execution of the work; or, second, they could execute the work at their own expense, and after its completion, and when the actual cost was ascertained, they could assess the same, with the charges, upon the houses and lots benefited, and collect such assessments as before. In that case, by the terms of the contract and under the law, a corporate liability was incurred to the contractor.

Nor do we think the doctrine, that although a city is not bound to undertake the execution of all public work authorized by its charter, yet where it does do so, it will be liable in damages to those injured by the negligent manner in which such work is performed, by its agents and servants, can be held to apply to defective legislation.

Besides, every one is conclusively presumed to know the law, and, as the plaintiff was chargeable with knowledge that his tax bill was invalid, the city cannot be held liable for the useless expenditure made by him in his effort to enforce its collection. That was an investment, the loss of which must be borne by himself.

The judgment of the Circuit Court is affirmed; all the judges concur, except Judge Vories, not sitting.