KILEY, *Plaintiff in Error*, v. CITY OF ST. JOSEPH.

**Street Improvements:** HOW PAID FOR: SPECIAL TAX BILLS. Under the existing charter of the city of St. Joseph, the city is not liable for the cost of paving, macadamizing or guttering any street, notwithstanding neither the ordinance nor the contract under which the work is done specifies how it is to be paid for. The charter provides that the city engineer shall issue special tax bills against the

adjoining property, and this is the contractor's only means of payment. If the engineer fails to issue the bills, he may be compelled to perform his duty or may be held liable for his delinquency.

*Error to Buchanan Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

*Ben Loan* and *W. H. Sherman* for plaintiff in error.

*B. R. Vineyard* and *Andrew Royal* for defendant in error.

HOUGH, J.—This was an action to recover from the city of St. Joseph the sum of $1059.48, for work done by the plaintiff in macadamizing, curbing, guttering and paving certain portions of Missouri street in said city. The petition set forth the corporate authority, the ordinances authorizing the work to be done, the contract made in pursuance thereof, the performance of the work, and concludes as follows: " That the defendant and each and every officer thereof thereunto authorized, failed and omitted to assess the cost of said work and materials, so as aforesaid unpaid, against any lot or lots or parcels of ground fronting upon or adjoining the work done, as aforesaid, by the plaintiff, and plaintiff has no lien against any such lot or parcel of ground, or any charge against the owner of any such lot or parcel of ground, for the amount so as aforesaid remaining unpaid or any part thereof, wherefore the plaintiff prays judgment against the defendant," &c. A demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action, was sustained by the court, final judgment for the defendant was rendered thereon, and the plaintiff has brought the case here by writ of error. The concluding paragraph of the petition would seem to indicate that this suit was originally prosecuted upon the theory that the work done was properly chargeable to the adjacent property and that by reason of the failure of the officers of the

city to assess the cost of said work, the plaintiff's lien therefor on said property was lost, and the city thereby became liable for the value of said work. That view, however, has not been presented in argument here. The plaintiff now contends that the city had authority to order the work in question to be done, under its general power to improve the streets of the city, and that as neither the ordinance requiring the work to be done, nor the contract under which it was done, specified that it was to be paid for in special tax bills, said work constituted a claim against the city, and was not chargeable to the adjoining property.

It was virtually decided in *Saxton v. The City of St. Joseph*, 60 Mo. 153, that the city could not be held liable for street improvements of the kind involved in the present suit. The question, it is true, was not directly presented in that case, but it was considered by counsel that such was the law, and it was so declared by the court. We have carefully re-examined the various provisions of the city charter on the subject of street improvements, and are convinced of the correctness of our former decision. Art. 5, Sec. 10, of the original charter of the city of St. Joseph, approved February 22d, 1851, provides that the mayor and councilmen of the city of St. Joseph shall have power, by ordinance, "to open, alter, abolish, widen and extend, establish, grade, pave or otherwise improve and keep in repair, streets, avenues, lanes, drains and sewers." Art. 6, Sec. 1, of said charter, provides that " upon the application of the holders of two-thirds of the front upon any street, or part of a street, it shall be lawful for the mayor and councilmen to levy and collect a special tax on the holders thereof, according to the assessed value of their respective fronts, for the purpose of grading and paving such street, or part of street, which shall be faithfully applied to such purpose and no other." Sec. 4 of an act entitled "an act to extend the limits of the city of St. Joseph, and to amend the charter thereof," approved February 24th, 1853,

provides that "upon the application of the owners or holders of three-fourths of the fronts of the lots on any squares or blocks opposite each other on any street, it shall be lawful for the mayor and councilmen of said city, by ordinance, to levy and collect a special tax upon said owners or holders of all lots, or parts of lots, on said squares or blocks, for the purpose of macadamizing, planking or paving said street, lying between said blocks or squares; each holder or owner to pay their respective parts of such special tax according to the value of his, her or their fronts, exclusive of improvements thereon; provided, that this section shall not be construed to limit the powers of said mayor and councilmen, as in the same section of the 6th article of the charter of said city is specified." Section 4 of an act entitled "an act to amend the charter of the city of St. Joseph," approved February 8th, 1865, provides: "whenever the mayor and city council shall order the paving, macadamizing, guttering, cross-walks, sidewalks or curbing of the carriage-ways, intersections and sidewalks of any street, lane, alley or avenue within the limits of said city, the cost of the same shall be paid by the owners of the property in the vicinity, as shall hereafter be provided, and as may be further provided by ordinance." Section 5 of the same act provides that whenever any of the above mentioned work shall have been fully completed, under the authority of ordinance, the city engineer or other officer having charge of the work, shall compute the cost thereof, and assess it, as a special tax, against the adjoining property fronting upon the work done, and each lot of ground shall be charged in proportion to the frontage thereof with cost of constructing or re-constructing and repairing the intersections of the next adjoining streets, alleys and other public highways, in such a manner as the said officers shall deem just and equitable. The said officer shall then make out a certified bill of such assessment against each lot of ground chargeable with work done, in the name of the owner thereof; * * said

certified bill shall be delivered to the contractor for the work, who shall proceed to collect the same by ordinary process of law in his or her name,    *    *    and each certified bill shall be a lien against the lot of ground described therein.    *    *    The city of St. Joseph shall not be liable in any manner whatever for, or on account of, any work done, and which is to be paid for in the manner provided in this section."

The original charter doubtless conferred authority upon the city to make certain improvements of general public utility, which could be paid for out of the general revenue of the city, and some improvements of that character may still be made by the city. The original charter also provided, as did the amendment of 1853, for certain improvements of restricted and local benefit, which were to be undertaken at the request of the owners of the property, abutting upon the streets proposed to be improved, and were to be paid for by a special tax to be levied by the city upon such owners. But the 4th section of the act of 1865 established a new classification of municipal improvements, embracing parts of both classes previously existing, and provided a new method of compensation; and the 10th section of that act expressly repealed all acts and parts of acts in conflict therewith. The phraseology of the 4th section is general, and its provisions are without exception. It declares that whenever the mayor and council shall order the paving, macadamizing, guttering or curbing of any street, lane, alley or avenue, the cost of the same shall be paid by the owners of the property in the vicinity. The work now sued for comes within the provisions of this section, and the city is not liable therefor, and it is wholly immaterial that neither the ordinance nor the contract specified the manner of payment. That was fixed by the charter, and the plaintiff was bound to take notice thereof. It was the duty of the city engineer to assess the cost of the work as a special tax against the adjoining property, and if he neglected such duty, he

might have been compelled to perform it, or held liable for his delinquency.

The judgment of the circuit court will be affirmed. All the judges concur.

AFFIRMED.