SHEEHAN v. OWEN, *Appellant.*

**Special Tax Bills, Action on :** ORDINANCES.  Where, in all material respects, the ordinances of a city relating to contracts for street improvement, and the issuance of special tax bills for cost of same, are complied with by the city authorities and the contractor, the latter can maintain his action for the amount of such tax bills.

*Appeal from Buchanan Circuit Court.*—HON. SILAS WOODSON, Special Judge.

AFFIRMED.

*Samuel B. Green* for appellant.

The petition does not state a cause of action.  *Egerman v. Hardy,* 8 Mo. App. 313; *Neenan v. Smith,* 50 Mo. 530; *City, etc., v. Clemens,* 49 Mo. 554; *Weber v. Schergens,* 59 Mo. 393.  The notices given by the city engineer did not

comply with the ordinances of the city, and the contract was thereby vitiated. *Brady v. City*, 20 N. Y. 312; *Riley v. Oppenheimer*, 55 Mo. 375. The publication of the notice did not meet the requirements of the ordinance. The mayor and council did not act concurrently in awarding the contract as they should have done. *Thompson v. City*, 61 Mo. 283; *Saxton v. St. Joseph*, 60 Mo. 158; *Irvin v. Devors*, 65 Mo. 627; *Saxton v. Beach*, 50 Mo. 489; *Graham v. Carondelet*, 33 Mo. 268.

*Vinton Pike & B. R. Vineyard* for respondent.

To recover for street improvements, under the charter of the city of St. Joseph, the contractor can look alone to the property abutting on the street improved. The charter prohibits the city from becoming liable " in any manner whatever" for work of this character. Acts 1865, p. 435, close of § 5; *Kiley v. City of St. Joseph*, 67 Mo. 491. As the contractor performing the work is absolutely remediless unless he can recover from the property owners, the courts have been inclined to hold, in cases of this character, that only a substantial compliance with the charter and ordinances of the municipality need be observed by the municipal authorities in order to furnish a right of recovery to the contractor. Says the Supreme Court: " We are not inclined to think that the plaintiff need be prepared to prove that all the formalities, which the city ordinances may prescribe, have been observed." *City of St. Joseph v. Anthony*, 30 Mo. 542; *City of St. Louis, etc., v. De Nave*, 44 Mo. 139. Under the charter of the city of St. Joseph, the tax bills make a *prima facie* case. In the language of this court in construing that charter: " The bills make a *prima facie* case of the facts and liabilities stated in them, and present a valid claim until rebutted by countervailing evidence." *Neenan v. Smith*, 60 Mo. 294; *Ess v. Bouton*, 64 Mo. 105; Acts 1865, p. 435, § 5; *City, etc., v. Armstrong*, 38 Mo. 33. The objection to the petition, as presented in the first points

of defendant's brief, is not well taken. The objection is not well taken that no profile was made by the engineer for the macadamizing, curbing or guttering ordered to be done; the profile was intended to apply to bridges and structures, etc. *Kiley v. Cremor*, 51 Mo. 543 ; *Sheehan v. Gleason*, 46 Mo. 104, 105. It was not necessary that the mayor should sign the motion or resolution on which the contract was made. *Knight v. Railroad Co.*, 70 Mo. 246.

HENRY, J.—By this suit plaintiff seeks to recover of defendant the amount of two special tax bills, issued by the city of St. Joseph to plaintiff, against two lots of defendant for their proportion of the cost of macadamizing, paving and curbing the street upon which they front, and in his petition the ordinances of the city under which the work was done and all other necessary facts were alleged, unless the following point made by defendant is well taken, viz : that the petition shows a departure from the rule of assessment prescribed by the charter, in that the lots in question were charged with the work done in front of them and not in proportion to the entire cost of the work on the street. The allegation in the petition is that : "By virtue of section 5 of an act entitled an act to amend the charter of the city of St. Joseph, the cost of performing said work adjoining and fronting on the street so improved and by virtue of section 5 of said act the city engineer who had charge of the work when the same was fully completed computed the cost thereof and assessed the same as a special tax against the property upon and adjoining the work done, and also charged each lot of ground in proportion to the frontage thereof with the cost of constructing, reconstructing and repairing the intersections of the next adjoining streets, alleys and other public highways in a manner by said officer deemed equitable." The ordinance requires the cost of the entire work, including cross-walks, etc., at the intersections of adjoining streets and, also, all the work done in front of all the lots to be computed, and

that against each lot an amount of the cost should be assessed in the proportion its frontage bears to the aggregate frontage of all the lots fronting upon the work.

We think that the allegation in the petition substantially avers that this was done. It is that : " The engineer who had charge of the work when the same was fully completed." What work? Manifestly the entire work upon the street. It could not be said that the work on the street was completed when it was only finished in front of one lot. O'Rourk's contract, assigned to plaintiff, was for the entire work and he was entitled to no compensation until he had completed the work he had undertaken. The answer was a general denial and a special plea of an ordinance of said city passed in June, 1879, which, whenever any public improvements should be ordered by the city, requires the city engineer to advertise for proposals to do the work, first placing upon file, in his office, a plan or profile of the work accompanied by specifications to be open at all reasonable times for public inspection, and that the advertisement for proposals should be inserted in the official paper of the city and continued for at least ten days. The answer further alleged that no plan, or profile, or specifications was ever placed on file in the engineer's office, and that the engineer did not advertise for proposals, as required by the ordinance. That the bids were not opened as required, etc., nor was the contract let to the lowest bidder, nor was plaintiff's assignor the lowest bidder, nor did the mayor and council award the contract to O'Rourk. On the trial plaintiff had judgment, from which defendant has appealed.

It is conceded that no profile or specifications were filed in the engineer's office; but it was proved that it was not customary to make profiles of that kind of work but only of bridges and similar structures, and that the work in this instance was let according to the usual course pursued before and since. We cannot see that a profile of the work in question was necessary to enable one to bid on it

intelligently.    It consisted of macadamizing, paving and guttering.    A view of the street upon which the work was to be done, with the ordinance before the bidder, served better than a profile to give an idea of the extent and character of the work.    The ordinance ordering the work expressly stated of what materials and the manner in which the work was to be done, and the precise quality of the work upon the street and was as minute and exact in these particulars as could be required in any specifications the engineer might have prepared.    We do not think that plaintiff should, as defendant would have him, sustain such a loss for the omission of the city officials to do an act, which, done or omitted, could not materially have affected defendant's interests.    The ordinance was published in a daily paper, recorded in the city book of ordinances, and the street upon which the work was to be done was open to inspection and gave those who wished to bid on the work a better idea of the extent and character of the work than any profile could possibly have done, and it is by no means clear that the city officials have not properly construed the ordinance as not requiring the profiles of such work.    With respect to the advertisement it was published in the official paper of the city from the 8th to the 20th day of September, 1876, inclusive, every day except Mondays, and it was in accordance with the ordinance pleaded by defendant and must be held sufficient, unless a special ordinance of said city offered in evidence purporting to have been approved, September 14th, 1876, was approved and became a valid ordinance.    It recited the steps taken under the ordinance ordering the work in question, and that the parties, whose bid for the work was accepted, had failed and refused to enter into a contract, and provided that the city engineer should re-advertise for proposals for doing said work on Ninth from Powell street to Frederick avenue, except that part, etc.    It purports to have been approved by A. Beattie, mayor, September 14, 1876, but Ringo who was city register produced the original ordi-

nance and testified that what purports to be the signature
of the mayor, with which he was well acquainted, to the
original and the recorded ordinance was neither in the
handwriting of A. Beattie, then mayor.   It was, there-
fore, not approved by the mayor and never became an
ordinance of said city.

It is, also, contended that the mayor and council did
not act concurrently in awarding the contract.   The record
of the proceedings of the city council shows that on Sep-
tember 22d, 1876, the council met, on the call of the mayor
who was present, and that the bids for the work were read
and the contract awarded to O'Rourk, as the lowest and
best bidder.   There is nothing to show that the mayor did
not concur in the award, but, on the contrary, the infer-
ence from that record is, there being no dissent noted, that
all present concurred in the award.   There is no require-
ment that the mayor's assent should be shown by a writing
to which his signature is attached.   It was not necessary
that he, any more than the members of the council, should
have signed the record of the award.   The concurrence of
the council is as necessary as that of the mayor and no
higher evidence of the concurrence of the mayor is required
than is required to show the concurrence of the council.
All that was decided in *Saxton v. Beach,* 50 Mo. 488, is that
under an amended charter of the city of St. Joseph, by
virtue of which the mayor and councilmen had power to
macadamize streets, etc., the work could not be ordered by
resolution, but an ordinance was necessary, the mayor's
approval of which could only be shown by his signature to
the ordinance.   The following cases cited by appellant's
counsel sustain the ruling in *Saxton v. Beach* but do not
support his position in this case ; *Thompson v. Boonville,* 61
Mo. 283 ; *Saxton v. St. Joseph,* 60 Mo. 158 ; *Graham v. Car-
ondelet,* 33 Mo. 268 ; *Irvin v. Devors,* 65 Mo. 627.

There was no error in permitting plaintiff to read the
ordinances to the jury from the book of ordinances in
which they were recorded.   The book was kept for the

purpose of recording ordinances, under an ordinance requiring the city council to record all ordinances passed by the city council, and in *Knight v. Railroad Co.*, 70 Mo. 231, this court held that a certified copy of an ordinance so recorded was admissible to prove the ordinance. Whether O'Rourk was the lowest and best bidder is not an open question. The mayor and council determined that he was, and awarded him the contract which he has complied with. Property-holders cannot lie by and see the work progress to completion without any complaint or effort to stop it, and then defeat the contractor in his suit on tax bills on such a plea as this. The appellant contends that he is charged in the tax bills with the curbing of the street at places where curbing was not ordered by the ordinance, and that in the charge for macadamizing is included "his lot's proportion of the crossing," which is neither included in the ordinance nor the contract. We are unable to see that curbing is charged for in either tax bill not ordered by the ordinance, which ordered the macadamizing, guttering and curbing of Ninth street from Powell street to Frederick avenue. With regard to the crossing the general ordinance required " all crossings at the intersections of streets to be of paving stone, placed even with the surface of the macadamizing." The charge on the tax bill is for " macadamizing 10.12 squares at $6 per square which includes said lot's proportion of the crossing, $60.72." The crossing was not macadamized but paved, and the tax bill does not state that it was paved but includes the cost of that work in the $60.72 charged for macadamizing. Appellant complains that his lot, No. 8, was assessed as of a frontage of seventy-two feet whereas twelve feet of its frontage is taken up by a sidewalk. All lots fronting on Ninth street were charged in the same manner and there was no error in this. Defendant was seized in fee of the entire lot, the public having but an easement over that portion taken up by the sidewalk. Whether the work was all completed before the institution of this suit was a ques-

tion submitted to the jury by the court in proper instructions and, as there was evidence tending to prove that it was so completed warranting a finding to that effect, we see no reason for disturbing it.

Other errors are complained of by appellant but the length to which this opinion has already extended forbids any further notice of them than to say that they have been considered and were not such as would justify a reversal of the judgment. The work has been done by the plaintiff. No complaint is made that it was not done according to the contract, or that plaintiff is in any manner charged with notice of alleged irregularities in the proceedings of the council or the acts of the city officials, and while there may have been some irregularities, the ordinances were substantially complied with by the city authorities and nothing done or omitted which could possibly have affected injuriously the interests of the defendant or other property-holders, and we are not inclined to turn a plaintiff out of court who has given his time and expended his money in the improvement of their property on mere technicalities which in no manner affect the substantial rights or interests of the parties. If, in any material respect, the ordinances of the city bearing upon the questions involved had been disregarded by the city authorities or the plaintiff, his suit on his tax bill could not be maintained, but discovering no such disregard of the ordinances or any material error committed in the progress of the trial in the court below the judgment is affirmed. All concur.