CITY OF CAPE GIRARDEAU, Plaintiff in Error, v. PAULINE A. FOUGEU, Defendant in Error.

### St. Louis Court of Appeals, April 24, 1888.

MUNICIPAL CORPORATION—ORDINANCE OR RESOLUTION.—In the absence of an affirmative showing that a resolution is passed with the same formalities and notified to the public in the same manner as an ordinance, an act which a municipal charter requires to be done by ordinance cannot be done by resolution; nor can a general ordinance authorize it to be so done.

ERROR to the Cape Girardeau Circuit Court, HON. H. C. O'BRYAN, Judge.

*Affirmed.*

SAM. M. GREEN, for the plaintiff in error: The city of Cape Girardeau derives its power to construct and repair curbstones and sidewalks from the charter granted by the General Assembly of the state of Missouri. Laws of Missouri, 1872, art. 3, secs. 6, 41; art. 6, sec. 1; art. 7, sec. 11. The ordinance set out in the petition gives full effect to the charter power above referred to. *McCormack v. Patchin*, 53 Mo. 33; *Neir v. Railroad*, 12 Mo. App. 25; 1 Dillon Mun. Corp. [3 Ed.] sec. 328. The legislative will was clearly expressed in the charter, and the ordinance should stand. *State*

*v. Clark*, 54 Mo. 17, 36. In the ordinance in question, there was no delegation of power by resolution, as contended for by respondent in her demurrer. *State ex rel. v. Pond*, 93 Mo. 606; *Hitchcock v. Galveston*, 96 U. S. 341; 1 Dillon Mun. Corp. [3 Ed.] sec. 96; *St. Louis v. Alexander*, 23 Mo. 483: Cooley's Const. Lim. [3 Ed.] 117; *State v. Winkelmeyer*, 35 Mo. 103; *State ex rel. v. Mayor*, 37 Mo. 270; *State v. Binder*, 38 Mo. 451; *Township Organization Act*, 55 Mo. 295; *State ex rel. v. Wilcox*, 45 Mo. 465.

F. E. Burrough and R. H. Whitelaw, for the defendant in error : The difference between a resolution and an ordinance is too simple to require any discussion or citation of authorities; suffice it to say that an ordinance is a law, after it has been passed by the council and approved by the mayor, as is provided by sections thirteen, fourteen, fifteen, sixteen, seventeen, and eighteen of article two of the charter. But a resolution is simply a direction, request, or suggestion. *Saxton v. Beach*, 50 Mo. 488; *Saxton v. City of St. Joseph*, 60 Mo. 153; *Irvin v. Devors*, 65 Mo. 625.

Thompson, J., delivered the opinion of the court.

The city of Cape Girardeau appears to be working under a special charter granted by the legislature in 1872. Act of March 29, 1872; Laws of 1872, pp. 328, 345. By section six of article three of this elaborate statute, it is provided that "the mayor and council shall have power within the city, by ordinance * * * to open, alter, abolish, widen, extend, establish, grade, pave, or otherwise improve, clean, and keep in repair, streets, avenues, lanes, and alleys, wharves, and public grounds, and squares."

By section forty-one of the same article, the mayor and city council have power within the city, by ordinance, "to remove all obstructions from the sidewalks, and to provide for the construction and repair of all sidewalks and curbstones, and for the cleaning of the same,

and of the gutters, at the expense of the owners of the grounds fronting thereon."

By section eleven of article seven of the same statute, it is provided: "The mayor and council of the city of Cape Girardeau shall have power, by ordinance, to require the owner or owners of any lot, or lots, fronting on any street that shall have been curbed and paved, or macadamized, by the authorities of said city, to pave the sidewalks in front of their respective lots at the expense of said owner or owners; and if the said owners shall fail or refuse to comply with said ordinance, then the mayor and city council shall proceed to have the said sidewalks made, and shall have a lien for the costs of the same upon said lots, in front of which they shall have made the sidewalks; and shall have power to recover the same, together with all costs of suit, before any court having competent jurisdiction in cases of debt of like amount, in favor of the city."

With the above statutes in force, the city of Cape Girardeau, according to the recitals of the petition in this case, passed, on the twenty-ninth of April, 1882, the following ordinance, numbered 374, and entitled "*Sidewalks and Curbstones.*":

"Section 1. Whenever it shall become necessary in this city to set curbstones and make sidewalks, or to repair the same on any street therein, it shall be the duty of the mayor and council, *by resolution*, to order curbstones to be set on that portion of the street intended to be improved or repaired; and they shall require the owner or owners of said property to have curbstones set thereon within sixty days thereafter; and it shall be the duty of the marshal immediately to serve certified copies of the said resolution on the owner or owners of the property in the same manner that notices are required to be served by the laws of this state; and in cases of non-residents or unknown owners, said resolution shall be published for three consecutive weeks in some newspaper published in this city. In case of failure or

refusal of the owner or owners thereof, said curbing shall be done by the superintendent of the workhouse, under the supervision of the street and wharf committee ; and, on the completion thereof, the city register shall apportion the costs thereof against the lots thus improved or repaired, which shall be a special tax and a lien thereon ; and shall be deemed due and payable within thirty days after the completion thereof. A special tax bill shall be made and delivered to the collector, who shall receive and receipt for and be charged with the same ; and shall proceed to collect the same in the same manner as other taxes. Said special tax shall bear the same rate of interest of other taxes.

"2. As soon as the curbing on any street shall have been set, if the same shall become necessary, the mayor and council shall, *by resolution*, order the sidewalks in front of any property, where the curbing has been set, to be paved with good and well-burned brick or square dressed stone ; and shall require the owners of said property fronting on said street to pave the same within thirty days ; and it shall be the duty of the marshal immediately to serve certified copies of said resolution on the owner or owners of the property, in the same manner that notices are required to be served by the laws of the state ; and, in case of non-resident or unknown owners, said resolution shall be published in the city of Cape Girardeau for three consecutive weeks ; and in case of failure or refusal of the owners to comply with the order contained in said resolution, it shall be the duty of the superintendent of the workhouse, under the supervision of the street and wharf committee, to proceed to pave said sidewalks in the manner herein prescribed ; and the register shall apportion the costs thereof against the lots thus improved or repaired, which shall be a special tax and a lien thereon, and bear the same rate of interest as other taxes. And it shall be the duty of the collector to collect the same in the same manner as herein provided for the collection of special taxes for setting curbstones."

The amended petition in this case recites, among other things, that the defendant is the owner of a subdivision (describing it) in the city of Cape Girardeau; that she is a non-resident of the state of Missouri; that it became a public necessity to "repair and construct the curbstones and sidewalks on the north side of defendant's lot," in pursuance of the above ordinance; ": that the defendant, in pursuance of the charter and ordinance aforesaid, was duly notified to construct and repair the said curbstones and sidewalks within the time named in said ordinance; but said defendant, although duly notified as aforesaid, neglected, failed, and refused to comply with the requirements of said charter, ordinance, resolution, and notice in that behalf; whereupon the plaintiff, by its duly authorized authorities, caused said curbstones and sidewalk, on the north side of said lot on Harmony street to be constructed, repaired, and completed; and paid, laid out, and expended therefor and therein, on or about the eighth and twenty-first days of November, 1882, the sum of $131.40, as more fully shown by the special tax bill herewith filed, marked exhibit A, and made a part of this petition; that said sum of $131.40 was duly apportioned by the city register against said lot for said expenses of repair and construction as aforesaid, which said sum became a special tax and a lien on said lot, and bears the same rate of interest as other taxes, that is to say, twelve per cent. per annum, and is a lien on said lot by reason of the law in such cases made and provided; that said tax bill was delivered to the collector for collection, and the defendant, though often demanded, hath wholly failed to pay same and the interest thereon, or any part thereof, and still neglects and refuses so to do." Wherefore the plaintiff prays judgment against the defendant for the amount of said special tax bill, and that the same be declared a lien upon her land, as above described, etc.

To this petition the court sustained a demurrer, and, the plaintiff declining to amend, judgment was

rendered for the defendant, to reverse which the plaintiff prosecutes this writ of error.

It is clear that the foregoing petition states no cause of action. It is perceived that the foregoing statutory provisions (which have been pointed out to us by counsel for the appellant as containing the grants of power to do what the city has undertaken to do in this case) contain no grant of power to do the acts which the city did in this case, and for the doing of which this action is brought, except *by ordinance*. The statutes recite, in distinct terms, that the mayor and council shall have the power, by ordinance, to do the acts named. Such being the limitation upon their power, it appears from the foregoing petition that they have undertaken to do such acts by the passage of a general ordinance, by which they undertake to delegate the power to do such acts to the mayor and council by resolution. It may be that a resolution of the mayor and council of the city of Cape Girardeau is passed and published with the same formalities which are required in the case of an ordinance; if so, a resolution would be tantamount to an ordinance, and, although called a resolution, might properly be described in a pleading as an ordinance,—the difference being a difference in name merely. But such does not appear from any recitals in this petition. According to ordinary parliamentary practice, a resolution is a very different thing from a law or an ordinance. A resolution is merely a suggestion or direction in writing, concurred in by the two houses of the assembly, if there be two houses, or passed by one house, if there be but one, and not submitted to the executive for his approval. A resolution is ordinarily passed without the forms and delays which are generally required by constitutions and municipal charters as prerequisites to the enactment of valid laws or ordinances. It need be read but once and may be passed by a *viva-voce* vote, without calling the ayes and noes, whereupon, when engrossed, it becomes operative.

But the charter of the city of Cape Girardeau

requires every ordinance, before it becomes operative, to be approved by the mayor, or, if disapproved by him, reconsidered and passed by a majority of the whole number of the council, notwithstanding his objections. Art. 11, secs. 13, 14. "In all such cases, the yeas and nays shall be entered upon the journal." *Ibid.*, sec. 15. "All ordinances, within one month after their passage, shall be published once in some newspaper in said city of Cape Girardeau, or by four written or printed notices, put up in four conspicuous places in said city; provided, however, that the failure to publish any ordinance, within the time specified in this section shall not render void the effect of any such ordinance, unless such delay would cause such ordinance to act retrospectively on the rights of individuals." *Ibid.*, sec. 18. It does not appear from the foregoing petition that any such conditions are necessary to the validity of what the ordinance recited therein calls a resolution; and, as the statements of a pleading, when doubtful, must be taken most strongly against the pleader, we must presume that such formalities are not required in the passage of resolutions.

A resolution, then, being a mode of municipal action different from an ordinance, and less formal and less solemn than an ordinance, and the charter having provided that the powers invoked as the foundation of this action are to be exercised by ordinance, it necessarily follows that they cannot be exercised by a resolution. It necessarily follows furthermore that an ordinance providing that such powers may be exercised by resolution is of no validity, since the charter of a city cannot be amended by an ordinance. Municipal corporations exercise a limited portion of the legislative power of the state, which has been delegated to them by the legislature, in pursuance of the constitution. It is a principle of law that a grant is to be interpreted as conferring nothing beyond what is expressed therein, either in plain terms or by necessary implication. This principle is especially applicable in the case of public

grants. These are construed most strongly against the grantee and in favor of the public, and nothing is deemed to pass by them which cannot be found within the four corners of the instrument.

In conformity with this principle, it has been held by our Supreme Court that where the charter of a city requires a thing to be done by "the mayor and councilmen of the city," it cannot be done by the council alone. *Saxton v. Beach*, 50 Mo. 488; *Saxton v. St. Joseph*, 60 Mo. 153. Upon the same principle, we must hold, in the absence of a showing that a resolution is passed with the same formalities, and notified to the public in the same manner, as an ordinance, that an act which a municipal charter requires to be done by ordinance cannot be done by a resolution, and that a general ordinance cannot authorize it to be so done.

But if it were otherwise, this petition would still be bad, for it does not even allege that the act in question was done by a resolution. It states that "the defendant, in pursuance of the charter and ordinance aforesaid, was *duly notified* to construct and repair the curbstones and sidewalks within the time named in said ordinance"; but it does not recite that this was done in pursuance of any resolution to that effect, and the ordinance as above set out does not provide for the curbing and sidewalking of any particular street.

All the judges concurring, the judgment is affirmed.