TOWN OF TRENTON, *Appellant*, v. COYLE.

DIVISION ONE.

1.  **City**: CHARTER POWERS: IMPROVEMENT OF STREETS.   A power given to a city by its charter to levy taxes by ordinance for the improvement of its streets can be exercised only in the manner prescribed.

VOL. 107—13

2.　———: ———: ———. An ordinance providing that abutting owners on streets may, on petition, obtain an order for their improvement to be paid for by special tax bills is not an exercise of such charter power, where the ordinance neither levies the tax nor provides means for its levy.

3.　———: ———: ORDER: ORDINANCE. The city cannot accomplish by an order that which, under its charter, can be done only by an ordinance.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*O. M. Shanklin* and *W. W. Witton* for appellant.

(1) The petition of plaintiff states facts sufficient to constitute a cause of action against defendant. (2) The charter of the town of Trenton authorizes the passage of the ordinance mentioned in plaintiff's petition. (3) The tax authorized by the ordinance mentioned in the petition of plaintiff is constitutional and valid. (4) The charter of plaintiff and the ordinance mentioned in plaintiff's petition are constitutional and valid. (5) Plaintiff's petition sufficiently shows that its council did levy the special tax against defendant in pursuance to the ordinance mentioned therein. (6) The council of plaintiff acted only upon matters fairly submitted to it.

*Harber & Knight* for respondent.

(1) The council of the town of Trenton had no power or authority to levy or collect taxes for special purposes, or to macadamize its streets at the expense of private citizens, except by the passage of an ordinance in pursuance to its charter, and the charter of appellant, "its power of attorney," required the passage of an ordinance, a legislative act by the mayor and councilmen to accomplish these objects, and it could not by a mere

order or resolution do what the charter pointed out to be done in another specific way, viz., by ordinance. Laws, 1872, art. 3, sec. 1, p. 481; *Cape Girardeau v. Tongen*, 30 Mo. App. 551; *Mfg. Co. v. Inhabitants*, 21 Mo. App. 175; *Stewart v. Clinton*, 79 Mo. 603; *Werth v. Springfield*, 78 Mo. 187; *State ex rel. v. Garroute*, 67 Mo. 445. ( 2 ) The appellant's charter is a grant of powers and must be construed strictly. 30 Mo. App. 358; Dillon on Mun. Corp. [ 2 Ed.] sec. 251.

BRACE, J.—This is an appeal from the judgment of the circuit court sustaining a demurrer to plaintiff's petition.

The petition sets out the incorporation of the plaintiff by an act of the general assembly approved March 9, 1872 ( Laws, 1872, p. 478), by which authority is given to the town of Trenton, *by ordinance*, to levy and collect taxes for general or special purposes and to establish, open, alter, extend, grade, pave or otherwise improve all streets in said town ; and, then, it is therein alleged, that in pursuance of such authority *ordinance number 46* was duly passed, in which it was provided that : " Whenever the owners of two-thirds of all the real estate fronting both sides of any street or avenue, for any specified distance, not less than one block, on any street or avenue, shall petition the town council in writing to have such street, avenue or such portion thereof graded and macadamized, the council shall order the same done, and shall also levy a special tax for the payment thereof, on the real estate fronting said street, avenue or portion thereof proportionate to the extent of the respective fronts."

That afterwards the owners of two-thirds of the property fronting on both sides of Water street in said town presented to the town council their petition in writing, asking that said street between Trenton avenue and the north side of East street be macadamized ; that thereupon it was by the council "*ordered*" that the

The Town of Trenton v. Coyle.

petition be granted; "and that in addition to six inches of macadam there be added three inches of coarse sand or gravel, the same to be taxed against property fronting along said street;" that thereupon a contract for macadamizing said portion of said street was duly let, at the price of sixty cents per square yard, at which price it was duly macadamized by the contractors; that at the time said petition was presented the defendant was, ever since has been, and now is the owner of nineteen and two-thirds feet fronting on said portion of said street; that the cost of macadamizing the portion of said street in front of the defendant's premises and for which the council levied a tax is the sum of $32.30, payment of which has been demanded and refused. Wherefore the plaintiff prays judgment for said sum, and the same be declared a lien upon defendant's property so fronting on said street, and that the same be sold to satisfy the judgment.

The plaintiff's contention is that a specific tax of the amount for which judgment is asked was levied upon the particular property of defendant described in the petition by the general ordinance quoted, and the order of the council. This contention cannot be maintained. The power given to the council in the charter is *by ordinance* to levy taxes for the improvement of the streets of the town; this power can be exercised only in the manner prescribed by the charter. *Saxton v. St. Joseph*, 60 Mo. 153; *Thompson v. Boonville*, 61 Mo. 282; *Werth v. City of Springfield*, 78 Mo. 107; *Stewart v. City of Clinton*, 79 Mo. 603. The ordinance quoted does not undertake to levy a tax upon the property of the taxpayers of the town, or any class of such taxpayers, or on the property against which in this action the plaintiff seeks to enforce a lien. Its scope is to indicate to the citizens the conditions upon which the owners of property abutting on any particular street may obtain an order for the grading or macadamizing of that street, or a portion of it, such improvement to

be paid for by a special tax to be levied upon the property of such owners proportionate to their respective fronts. But the ordinance neither undertakes to levy such tax or provide a method by which it is to be levied, nor is such tax levied or attempted to be levied by the order granting the prayer of the petitioners, nor could it be so levied since this would be to permit the council by its simple order to accomplish that which under the charter can only be done by ordinance. Cases, *supra; Cape Girardeau v. Fougeu*, 30 Mo. App. 551.

Conceding that under the provisions of its charter the plaintiff had power by a general ordinance to provide a method by which a special tax might be assessed in cases like the one in hand, against the property of certain specified owners, in which the amount of the tax to be levied being ascertained, the same might have been apportioned, levied and become a lien upon the separate property of each owner, after such owners had had an opportunity of being heard upon the question of such apportionment, this was not attempted in the ordinance in question, but seems to have been left to be provided for by special ordinance in each case as the necessity therefor might arise ; no such special ordinance was passed ; at least, no such ordinance is pleaded. The petition failing, therefore, to show that the tax which is sought to be enforced as a lien against the defendant's property was by ordinance assessed and levied upon such property, it failed to state a cause of action, and the demurrer was properly sustained. The judgment is affirmed. All concur.