FLORENCE KILEY, Respondent, *vs.* M. OPPENHEIMER, JOSEPH DURFFEE AND WM. H. BAITLETT, Appellants.

1. *Tax bills—May be amended by City Engineer after expiration of his term.*— A tax bill may be certified anew by a City Engineer, after the expiration of his term of office, in order to cure informalities in his certificate.

2. *City charter—Ordinance—Advertisement for street improvement contracts— Premature award—Effect of.*—Where an ordinance made in pursuance of a city charter required the City Engineer to give at least thirty days advertisement for proposals for street macadamizing contracts, an award of the contract in the meantime would be void, and work done on such contract would not lay the foundation for recovery on a special tax bill against the property owner.

*Appeal from Buchanan Common Pleas.*

*H. K. White,* for Appellants

I. Advertising to receive bids till a specified time, and closing a contract with a favorite contractor long before that time had expired, carries the stamp of fraud and illegality upon its face. (Dill. Mun. Corp., p. 605; Mitchell vs. Milwaukee, 18 Wis., 92; City of Dubuque vs. Wooton, 28 Iowa, 571; City of Lowell vs. French, 6 Cush., 223; Nash vs. St. Paul, 11 Minn., 174.)

*Van Waters and Everett & Reed,* for Respondent.

I. The notice was for thirty days, and therefore regular on its face, and in literal compliance with the requirement. But the award was made to plaintiff a few days before the expiration of the thirty days' notice. If defendant had alleged and proved that in consequence of this irregularity, some one had been prevented from offering a lower bid, this question might then assume graver magnitude. (4 Seld., 91, 93.) But no defense of this kind is set up. The question is conceded to be one of law, presenting nothing but the abstract question, whether an omission to comply strictly with the ordinances *per se,* invalidates the contract of plaintiff? This requirement of the ordinance was clearly directory. (30 Mo., 537; 2 Am. Rep., 79, 80.)

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff Florence Kiley brought his action in the Buchanan County Court of Common Pleas, against Marcus Oppenheimer, to recover the amount of two special tax bills, for macadamizing, &c., alleged to have been done by plaintiff in front of two lots on Missouri street in the City of St. Joseph, under and by virtue of a contract entered into with that city through its engineer. Oppenheimer did not appear to the action, but Durffee and Baitlett entered their appearance, and amongst other matters, pleaded the general issues. A trial without the intervention of a jury resulted in a judgment for the plaintiff.

In the view which I take of this case, it is entirely unnecessary to discuss the numerous points which have been urged here for a reversal. Before passing, however, to a point of graver importance, it may be observed that the position of defendants as to the inadmissibility of the tax-bills certified anew by the City Engineer, after the expiration of his term of office, in order to cure certain informalities in his certificates to such bills, is untenable. Such amendments have been held valid by a former decision of this court. (See Kiley vs. Cranor, 51 Mo., 541.) But a difficulty which I regard as insuperable in the case before us, is presented in the fact, that during the time publication was being made for the reception of proposals the contract was prematurely awarded to plaintiff, in utter disregard of the express provisions of the ordinance of May 13th, 1865, requiring the City Engineer to give at least thirty days' notice by advertisement, in the official paper of the city, that proposals would be received at his office for the performance of the contemplated work. This ordinance was passed in conformity with the provisions of the amended charter of the City of St. Joseph, approved February 8th, 1865, which required, that the mode of assessing the costs of macadamizing the streets, &c., against the owners of adjoining property, should be prescribed by ordinance, and such work completed under like authority. (§§ 4, 5, p. 47, Laws & Ord.) Where extraordinary powers are conferred by statutory enactment, powers which even in their legitimate exercise are very

often productive of great hardship, if not of actual abuse and oppression, the greatest caution should attend every step taken in a pathway obviously unknown to the common law. The powers bestowed by the above ordinance were clearly of this character, and therefore demanded on the part of those attempting to execute them the most rigid observance, and the strict performance of those conditions precedent upon which alone their validity depended. The ability of the city to create a lien on the property of one of its citizens in the manner pointed out in the ordinance referred to, is founded not in any absolute or pre-existent right, but rests exclusively in an adherence to the method prescribed by ordinance in pursuance of the authority contained in the charter. The books abound with instances, enunciatory and illustrative, of this familiar doctrine.

In the case of the State of Missouri vs. The Bank of the State of Missouri, 45 Mo., 528, the principle I have announced received the unqualified approbation of this court in a very elaborate and exhaustive discussion, in which numerous authorities were reviewed. Among those cited in support of the position here taken, was that of Brady vs. The City of New York, 20 N. Y., 312. In that case, the law made it the duty of the street commissioner, before letting out work to be done on the streets, where the cost would exceed $250, to receive proposals for the work, either founded on sealed bids, or after publication of notice for the full period of ten days, and that all such contracts should be given to the lowest bidder with adequate security. A bid was accepted, but not in compliance with the law, and the contractor performed the work. Subsequently to such performance, the common council attempted to validate the contract thus made ; but the court held that it was void and the attempted confirmation, did not bestow any validity upon the illegal transaction.

Denio, J., delivered the opinion of the court, and in speaking of the law whose directions had been disregarded, said : "It was based upon motives of public economy, and originated perhaps, in some degree of distrust of the officers to whom

the duty of making contracts for the public service was committed. If executed according to its intention, it will preclude favoritism and jobbing. It does not require any argument to show that a contract made in violation of its requirements is null and void."

In the City of Lowell vs. Wentworth, 6 Cush., 221, a sidewalk was built in conformity to ordinance, and in further conformity thereto, the auditor was required to give immediate "notice in writing to such person who shall have been reported to him as liable to be assessed, of his intention to make an assessment, ten days at least before making the same; appointing in said notice, a time and place at which all persons interested may appear, and be heard in relation to such assessment." This notice was given to the proprietors of the adjoining property, but not in the way prescribed, and the court held that the giving of notice in the manner required, was "a condition precedent to the validity of the assessment." So also in the case of the City of Dubuque vs. Wooton, 28 Iowa, 571, the same principle is enunciated. The charter of that city provided for the macadamizing, &c., of streets "under such regulations as may be prescribed by ordinance." The ordinance pursuant to this provision, required a publication of the resolution of the city council providing for such work on the streets to be done; and also required a publication of the resolution that a special tax would be levied for the payment of such improvements. These publications were not made, and the court held that the claims of the city for the performance of the work had no legal existence, and among other things remarked that, "we hold that the publication of the resolution prescribed in the ordinance is necessary to authorize the city to enforce in any manner the collection of the tax. The laws of the city are equally binding upon the city and the citizens. They cannot be dispensed with by the city, when rights are secured under them, or the exercise of power by the city is regulated by them, or power itself conferred by the charter flows through them. The city, if these laws require preliminary proceedings or acts necessary to the acqui-

sition of power or rights in particular cases, cannot dispense with their requirements."

The evident purpose of the Ordinance of May 13th, 1865, in requiring an advertisement for proposals for the macadamizing of the streets, was to give the matter publicity, and thus invite a fair competition in order to impose the least possible burden on the owners of property adjacent to the work to be performed. But whatever may have been its object, it is sufficient to say, that the city, aside from the provisions of its charter and ordinances passed in pursuance thereof, is utterly powerless to act.

Judgment reversed.