WILLIAM S. LEACH, Respondent *vs.* AGNES CARGILL, *et al.*, Appellants.

1. *Municipal charter—Power of officers limited by.*—The law is well settled that the power of municipal authorities is confined to the limits prescribed by the charter, and ordinances in conformity therewith.

2. *Special taxes—Failure of city engineer in pursuance of ordinance, to permit property owners to macadamize part of street adjoining.*—Where an ordinance for the macadamizing of a street, provides that the city engineer shall give the adjoining property owners the privilege of doing the work in front of their property, proof of failure to give such opportunity will defeat an action on a special tax bill against one of said property owners. And a mere newspaper advertisement for proposals for said macadamizing will not amount to such offer, unless made to have that effect by the terms of the ordinance.

*Appeal from Buchanan Common Pleas.*

*J. W. & J. D. Strong, and Hedenburg and H. M. Ranney,* for Appellants.

The petition should aver that the opportunity of improving the adjoining part of the street was given the property holders, and the defect was fatal.

*B. R. Vinyard,* for respondent.

I. The ordinance providing for giving the owners this privilege was directory, and if the engineer had given them no notice plaintiff ought not to have been made to suffer. (Neenan *vs.* Donoghue, 50 Mo., 495.)

II. Besides, the ordinance did not require the engineer to give the owners notice. It directed him to give them the "privilege" of doing the work in front of their lots. There is no evidence that they were refused the privilege or ever applied to do the work, proposals for which were publicly advertised.

III. The evidence of the advertisement for proposals was proper, as showing that the defendants were notified, at least constructively, that the work was to be let, so that if they desired they might do the work in front of their lots.

Leach v. Cargill, et al.

Sherwood, Judge, delivered the opinion of the court.

Action on two special tax bills for macadamizing, &c., a certain portion of Edmond Street, between 8th and 10th streets.

There are numerous points presented by the record, but attention will only be centered on one, as it is decisive of this case.

It is well settled law in this State, as well as elsewhere, that the power of the municipal authorities is exclusively confined to the limits prescribed by the charter, and such ordinances as are passed in conformity thereto. (Kiley vs. Oppenheimer, 55 Mo., 374, and cases cited.)

The ordinance of September 9th, 1870, requiring the work in question to be done, made special provision that the city engineer should give " the owners of property fronting on said street *the privilege of doing said work in front of their property.*" This ordinance was a law equally as binding upon the city as upon the citizen; and there is no warrant whatever for the position assumed by plaintiff's counsel, that the clause first quoted is merely directory. Such a construction would effectually fritter away all the rights of the citizen, as now secured both by charter and by ordinance, and leave them at the mercy of those, who, feeling themselves unfettered by any legal restraint, might not long hesitate in making a most improper and oppressive use of the power thus surrendered into their hands.

These proceedings to compel the citizen to pay for improvements in front of his property, are proceedings *in invitum*, purely statutory, and therefore to be strictly construed. To enunciate any other rule than this would be to gravely announce the doctrine, that while the municipal law would be binding on the citizen, the representatives of the city could at pleasure disregard such law. No ruling of this kind will therefore be made.

As the city engineer failed to comply with the ordinance referred to, by giving the property owners an opportunity to perform the necessary work, and as it is seen from the foregoing

remarks, that such compliance was the only basis which would authorize a recovery, it must follow that plaintiff's action cannot be maintained. Nor can the mere advertisement in a newspaper for proposals to do the work required, be deemed an observance of the ordinance, since that notice was addressed not to those interested; but to a class who are on the lookout for such undertakings.

It is not denied that the city might by ordinance provide that such advertisement should be tantamount to giving the owners the privilege of doing the work; but it is quite sufficient to say that in the present instance this was not done. The doctrine of constructive notice is altogether the creature of statutory enactment, and has no existence until it receives legislative recognition.

Judgment reversed and cause remanded; the other judges concur.