The City of Kansas *to the use of the* Frear Stone & Pipe Manufacturing Company v. Swope, *Appellant.*

**Municipal Corporation:** SEWERS: NATURAL COURSE OF DRAINAGE: SPECIAL TAX-BILLS. A city charter required that district sewers should connect, either with a public sewer or other district sewer, or else with the natural course of drainage. An ordinance of the city provided for the construction of a sewer whose only outlet was the bed of a creek which had been long before abandoned by the channel, and which, by the construction of streets, railroads, etc., across it, had been converted into a pond: *Held,* that this creek bed was no longer a natural course of drainage; that the ordinance, therefore, did not conform to the charter and was void; and that special tax-bills for work done under it were not enforceable.

*Appeal from Jackson Circuit Court.*—Hon. S. H. Woodson, Judge.

Reversed.

There was evidence tending to show that prior to 1844 Turkey creek was a living stream flowing in a northerly direction through the extreme western part of what is now Kansas City, and finally emptying into the Missouri River; that in that year there came what is spoken of as the flood of 1844, when the ground in that vicinity was submerged,

and Turkey creek changed its channel, and has ever since that time emptied into the Kansas River, a considerable distance south of the mouth or outlet of the sewer in question, and then ceased to flow through what has since that time been known as the old bed of Turkey creek; that between the years 1860 and 1873 the old bed of Turkey creek on both sides of the mouth of the sewer in question had become filled up and obstructed by the construction of streets, roads, railroad tracks and buildings for about one-half its length, so that where the sewer was made to empty into it it constituted nothing but a reservoir or pond, dammed up both above and below, and without any outlet whatever; the part of the old bed of Turkey creek comprised within the limits of said reservoir, constituted a portion of the western parts of said sewer districts 129 and 130, and was located on lots belonging to defendants in those cases against which some of the tax-bills in question were issued; that said sewer was built in Fifteenth street and emptied into the old bed of Turkey creek, and nowhere connected with a public sewer or other district sewer, but whatever drainage passed through it is emptied into said reservoir; and that the mouth of said sewer was not more than 100 feet from the western boundary line of the State of Missouri.

There was also evidence tending to show that there was another sewer on the grounds of the stock-yards company in Kansas City, Kansas, emptying into the Kansas or Kaw River, which was built by said company and on its ground; that the eastern end of said company's sewer was at the pond where the western end of said Fifteenth street sewer emptied; that said sewer was constructed originally for the purpose of draining said pond as well as the grounds of said company; that the eastern end of said company's sewer was in Missouri, and about 400 feet from the western end of said Fifteenth street sewer; that most of the land where the pond was situated into which said Fifteenth street sewer emptied, was owned by the stock-yards company, and that

it was entirely practicable to connect the two sewers together so as to form one continuous sewer emptying into the river, and that said company intended so doing.

*Bryant, Holmes & Waddill* for appellant.

*Tichenor & Warner* for respondent.

Sherwood, J.—Action on tax bills for building a sewer. It is unnecessary in the examination of the merits of this cause that discussion be had of but one of the defenses set forth in the answer, " that the sewer in question does not and never did connect with a public sewer or other district sewer, or with the natural course of drainage, and that ordinance 11,497 referred to in the petition, was void for that reason." The charter of the city provides that : " District sewers shall be established within the limits of the district to be described by ordinance, connecting with a public sewer or other district sewer, or with the natural course of drainage, as each case may be." Laws of Mo. 1870, pp. 348, 349, § 2. The facts in evidence show that the charter provisions just quoted were not observed. Section 1 of the ordinance referred to in the answer, provides for the building of a district sewer in districts 129 and 130, and that it "shall extend from the west line of H. R. Seeger's addition to the old bed of Turkey Creek." The " old bed of Turkey Creek," stopped up and dammed up for years by streets, roads, railroad tracks, etc., had long since ceased to be a "natural course of drainage." Nor does the ordinance in question make provision for the district sewer to connect "with a public sewer or other district sewer." The charter of the City is the organic law of the City, outside of the provisions of which the municipal authorities are powerless to act. In *Kiley v. Oppenheimer*, 55 Mo. 374, we said : " The ability of the City to create a lien on the property of one of its citizens in the manner pointed out in the ordinance referred to is founded

not in any absolute or pre-existent right, but rests exclusively in an adherence to the method prescribed by ordinance in pursuance of the authority contained in the charter." In *Leach v. Cargill,* 60 Mo. 316, we said: "It is well settled law in this State, as well as elsewhere, that the power of the municipal authorities is exclusively confined to the limits prescribed by the charter, and such ordinances as are passed in conformity thereto."

Applying the principle just announced to the case at bar the judgment must be reversed. All concur, except Hough, C. J., not sitting.