FRUIN–BAMBRICK CONSTRUCTION · COMPANY, Appellant,
v. SALOME GEIST *et al.*, Respondents.

**St. Louis Court of Appeals, November 5, 1889.**

1. **Special Tax Bills.** In order to fasten a liability for street improvements upon abutting property, a strict compliance with the conditions imposed by the law authorizing the assessment of the property is necessary.

2. ——. Under the charter of St. Louis, which requires the unanimous approval of all the members of the board of public improvements in the case the owners of the major part of the property on the line of a proposed improvement shall remonstrate against the same, a finding by said board that a remonstrance in writing presented to it was not signed by the required major part of such owners is not conclusive.

3. ——. Under said charter provision it is not necessary that an owner should sign in person; his authorized agent may sign for him.

4. ——: RECORDS OF BOARD OF PUBLIC IMPROVEMENTS OF ST. LOUIS. Said charter impliedly requires said board to keep a record of its proceedings, and such record may be used as evidence to show non-compliance with said charter provision.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Rowe & Morris,* for the appellant.

(1) If the board believed that the remonstrance was not signed by a majority of the owners of property, it was not necessary to give the remonstrance any notice. Appellant's contention is that such finding of fact on the part of the board is final and conclusive upon all parties to this action; that the legislature made the board of public improvements the sole judges to determine the questions of fact involved in deciding whether

the remonstrance is or is not signed by the owners of a major part of the property along the line of the proposed improvement. (2) There is no legal evidence in the record of a remonstrance signed by the owners of a major part of the property fronting on the improvement. There is no authority found for looking in the unauthorized record kept by the board of public improvements to ascertain whether they have conformed their conduct to the city charter in the recommendation of ordinances. *Railroad v. The Governor*, 23 Mo. 353; *City v. Foster*, 52 Mo. 515; *Ball v. Fagg*, 67 Mo. 484; *Ex parte Bedell*, 20 Mo. App. 129.

*J. M. Holmes*, for the respondents.

(1) The board had no power to recommend the ordinance, except by a unanimous vote of all of the members of the board. (2) The failure to send the remonstrance with the ordinance to the council invalidates the ordinance. (3) The council had no authority to pass the ordinance, as it was not recommended by a unanimous vote of all of the members of the board of public improvements. Respondents had the right to show that there was a remonstrance, signed by the owners of the major portion of the property in the block, duly presented and filed; that the ordinance did not receive a unanimous vote of all of the members of the board; that the remonstrance was not sent to the council with the ordinance. Dillon on Mun. Corps. [2 Ed.] sec. 639; [3 Ed.] sec. 800, and cases cited; *Kiley v. Oppenheimer*, 55 Mo. 374; *Leach v. Cargill*, 60 Mo. 316.

BIGGS, J., delivered the opinion of the court.

The appellant is a business corporation and seeks to charge the property of the respondents with the amount of a special tax bill, for work done by the appellant in the improvement of an alley in the city of St. Louis. The work was done under a contract with the city, and the

contract purports to have been entered into and author-ized by ordinance No. 13798. The parties to the action waived a jury; the cause was submitted to the court, and, upon the evidence adduced, a judgment was entered for the defendants. No instructions were asked or given. The appellant in due time filed its motion for a new trial, and, the court having overruled it, the case was appealed to this court.

On the trial of the cause it was admitted that the block, through which the alley in question extended, contained seven hundred and sixty. (760) front feet; it was also admitted that the tax bill was in due form, and that its payment had been demanded of the respondents prior to the institution of the suit.

The respondents denied a right of recovery on the tax bill, for the reason that, in the passage of the ordi-nance, the requirements of the charter had not been complied with, in this: That a remonstrance against the proposed improvement of the alley had been signed by the owners of more than one-half of the property in said block, and that it had been filed with the board of public improvements; that the ordinance was not recommended to the municipal assembly by the unanimous vote of all the members of the board of public improvements, and, further, that the "board" failed to send the remon-strance to the " assembly. "

The respondents' evidence tended to prove the fore-going state of facts. The remonstrance was signed by Adolph Hellinger, who owned twenty-five feet, John T. Eberle, who owned one hundred and thirty feet, and by G. V. R. Mechin as the agent of the Bircher heirs (among whom were the respondents), who owned two hundred and thirty-nine feet. The ordinance was recommended by the board of public improvements by the vote of only five of its members, the president of the board being absent. The record fails to disclose the vote by which the ordinance was finally adopted by the

municipal assembly.   The respondents' entire testimony was objected to by the appellant, and exceptions were duly saved to its admission.

Section 14 of article 7 of the city charter, which authorizes the municipal assembly to pass ordinances for the construction or improvement of streets or alleys at the cost of the abutting owners, reads as follows :

" No ordinances for the construction or reconstruction of any street, alley or public highway of the city, shall be passed unless recommended by the board of public improvements, as hereinafter provided.   The board may, of its own motion, and upon the petition of any reputable freeholder of property on any street, alley or highway, designate a day on which they will consider the improvement of such street, alley or highway, and shall give two weeks' public notice in the papers doing the city printing of the time, place and object of their meeting.   On such day, if the owners of a major part of the property on the line of the proposed improvement shall remonstrate against the same, the board shall consider such remonstrance, and if said board shall by a unanimous vote of *all* its members approve such proposed improvement, they shall cause an ordinance for the same to be prepared, and report the same, with the reasons for their action and the remonstrance, to the assembly.   If such majority of the property-owners fail to remonstrate, or shall petition said board for such improvement, the board may, by a vote of the majority of its members, approve the same, and shall cause an ordinance to be prepared and reported to the assembly therefor."

It is the well-settled law in this state that proceedings by municipal corporations, to compel the owners of land, abutting on a street or alley, to pay for improvements in front of their property, are *in invitum*, and a

strict performance of all conditions imposed is necessary, in order to fasten a charge or lien on the property of the citizen. *Leach v. Cargill,* 60 Mo. 316; *Kiley v. Oppenheimer,* 55 Mo. 374; *City of Kansas, etc.; v. Swope,* 79 Mo. 446.

The supreme court in case of *Leach v. Cargill, supra,* said: "It is well-settled law in this state, as well as elsewhere, that the power of the municipal authorities is exclusively confined to the limits prescribed by the charter, and such ordinances as are passed in conformity thereto." In the case of *Kiley v. Oppenheimer, supra,* the court in deciding the case, made use of the following language: "The ability of the city to create a lien on the property of one of its citizens, in the manner pointed out in the ordinance referred to, is founded not in any absolute or pre-existent right, but rests exclusively in an adherence to the method prescribed by ordinance, in pursuance of the authority contained in the charter."

And we think it is equally well-settled in this state, that one who contracts with a municipal corporation to do public work, by which the property of the citizen is to be charged with the expense, must ascertain if the ordinance, upon which the contract is based, is authorized by the charter, and has been adopted in the manner pointed out by the charter. The supreme court in the case of *Cheeney v. Brookfield,* 60 Mo. 53 said: "Those who deal with the officers of a corporation must ascertain, at their peril, what they will indeed be conclusively presumed to know, that these public agents are acting strictly within the sphere limited and prescribed by law, and outside of which they are utterly powerless to act." Also in the case of *Keating v. City of Kansas,* 84 Mo. 415, the court in passing on the rights of a contractor, who had performed work under a defective ordinance, said: "Keating was bound to taken notice, at his peril,

of the defective ordinance, when dealing with the officers of the defendant, and cannot urge against the city, in this suit, such defects or want of power in such officers.''

It appears inferentially from the record that the board of public improvements decided that the remonstrance was not signed by the owners of a major part of the block, and the appellant contends that the finding of this fact by the board of public improvements was conclusive. We cannot consent to this. This was a jurisdictional fact and the decision of the board of public improvements, in the absence of an express legislative provision to that effect, would not be *conclusive.* 2 Dillon, Mun. Corp. [3 Ed.] sec. 800.

The tax bill made a *prima facie* case for the appellant, and presumptively the ordinance authorizing the improvement was valid (*City v. Gleason*, 15 Mo. App. 25); but it was perfectly competent for the respondents to show that the owners of the major portion of the land in the block *did sign* the remonstrance, and that, this being true, the board of public improvements *did not* recommend the ordinance to the ''assembly'' by the *unanimous vote* of all its members, and *did not* transmit the remonstrance to the '' assembly,'' as required by the charter. If, as a matter of fact, the signers of this remonstrance represented, or had the right to represent, more than one-half of the property, then the municipal assembly had no power to pass the ordinance, unless it had been recommended by the unanimous vote of *all* the members of the board of public improvements. This is the strict letter of the law, and the respondents had the right to demand its most rigid application, when the appellant sought to charge their property with the value of work done by authority of this ordinance.

But the appellant insists that, as a matter of fact, the owners of a major part of the real estate in the block did not sign the remonstrance; that Mechin signed it as agent of the Bircher heirs, whereas the charter

required the remonstrance to be signed by the owners themselves, and that authority to sign such a paper could not be conferred on an agent, It was admitted on the trial that Mechin was the agent of the Bircher heirs, and had control of the real estate belonging to them; the respondents' evidence also tended to prove that Mechin, as such agent, had authority to sign such documents for his principals. The appellant has cited no authorities in support of its position, and there is no principle of law known to us by which it can possibly be sustained.

It is claimed by appellant that the record of the proceedings of the "board of public improvements" was incompetent to prove the filing of the remonstrance, and the action of the board touching the recommendation of the ordinance to the municipal assembly, *first*, because the charter does not require the board of public improvements to keep a record of its proceedings, and, *second*, because such record cannot be used to show a departure from the forms prescribed by the charter in the passage of an ordinance.

We do not think this contention of the appellant can be sustained. It is true that the charter does not, in express terms, direct the board of public improvements to keep a record of its proceedings, but such a duty, by necessary implication, is imposed. The board of public improvements is a very important part or adjunct of the municipal government, and it is unreasonable to say that it was the intention that its proceedings should rest entirely *in pais*. Its duties and powers, as prescribed by the charter, are of such a character, that, from the very necessity of the case, the duty of keeping a full and complete record of its proceedings must be implied. We have already decided that it was the duty of the appellant, and of all other persons who contract to do public work, to see that the ordinance,

authorizing the work was passed in the manner pre-
scribed by the charter; if no record is to be kept by the
board of public improvements, it will be readily per-
ceived that the legal dangers or chances attending the
business of the contractor would be very materially
increased.

In support of the second proposition, the appellant
relies on the cases of *Pacific Railroad v. The Governor*,
23 Mo. 353, and *Ball v. Fagg*, 67 Mo. 481.   In the case
at bar the fact inquired into was jurisdictional in its
character, and not a mere failure to observe the forms
required in the passage of ordinances, where the juris-
diction to pass the ordinance is conceded.   When the
remonstrance, signed by the owners of the major part
of the real estate in the block, was presented to the
board of public improvements, then the municipal
assembly, in attempting to pass the ordinance, exercised
a power not delegated, because the ordinance had not
been recommended by the *unanimous vote of all* the
members of the board.   This distinguishes the case
under consideration from 'the cases relied on by appel-
lant; besides, the law of those cases has been practically
overruled in the case of *State ex rel. v. Mead*, 71 Mo.
266.

It is also urged by counsel that if the finding of the
board of public improvements, as to questions of fact,
is not held to be conclusive, then it might happen that
a jury in a suit on a tax bill against lot A. would find
an ordinance to be valid, and another jury in a suit on
another tax bill against lot B. in the same block would
find the same ordinance to be invalid.   This state of
affairs might happen, if it was permissible for the court
to submit the validity of an ordinance to the jury   This
cannot be done; it is the duty of the court in all cases
to pass on the validity of a statute or ordinance.

With the concurrence of the other judges, the judg-
ment of the circuit court will be affirmed.