Cole v. Skrainka.

COLE *et al., Appellants,* v. SKRAINKA.

DIVISION ONE.

1. **City**: PAVING STREET: LOCAL ASSESSMENTS. It must appear that there has been a fair compliance with all the conditions precedent, whether prescribed by charter or ordinance to entitle a city or contractor to recover from the abutting property-holder the expenses of paving a street or other local assessment.

2. **Statute, Construction of.** When the language of a statute leads to manifest contradiction of the apparent purpose of the enactment, a construction may be given it which modifies the literal meaning of the words.

3. **City**: LOCAL ASSESSMENT: CONTRACT. The specifications for paving a street with granite called for blocks ranging from seven to eight inches in depth. These specifications were written out in full in the contract approved by the council. The ordinance providing for the work called for eight-inch blocks. For two years, under similar ordinances, the plans and specifications had always called for blocks ranging from seven to eight inches in depth. The charter of the city provided that the ordinance "shall specify the character of the work, its extent, the material to be used, and the manner and general regulations under which it shall be executed." *Held,* that the variance between the contract and the ordinance did not invalidate tax bills issued in payment for work done under the contract.

| | |
|---|---|
| 105 | 303 |
| 110 | 119 |
| 110 | 385 |
| 49a | 126 |
| 49a | 618 |
| 51a | 125 |
| 105 | 303 |
| 115 | 269 |
| 115 | 580 |
| 105 | 303 |
| 56a | 13 |
| 56a | 18 |
| 105 | 303 |
| 124 | 636 |
| 105 | 303 |
| 62a | 255 |
| 105 | 303 |
| 131 | 136 |
| 105 | 303 |
| 65a | 405 |
| 105 | 303 |
| 137 | 575 |
| 137 | 668 |
| 105 | 303 |
| 77a | 12 |
| 105 | 303 |
| 84a | 539 |
| 85a | 234 |
| 105 | 303 |
| 161 | 378 |
| 105 | 303 |
| 89a | 592 |
| 105 | 303 |
| 96a | [1]235 |
| 99a | [3]145 |

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*A. R. Taylor* for appellants.

(1) It being conceded by all the evidence that the ordinance called for a paving block eight inches deep, there was no power in the board of public improvements to make a contract for a paving block from seven to eight inches deep. *Leach v. Cargill*, 60 Mo. 316; *Keating v. Kansas City*, 84 Mo. 416. (2) No action can arise on a void contract. *Keating v. Kansas City, supra.* (3) The fact that plaintiffs made complaint that the work was not being done according to contract is no estoppel against their complaint that the contract is void, as being against or not in conformity with the ordinance. *Perkinson v. McGrath*, 9 Mo. App. 29; *Galbreath v. Newton*, 30 Mo. App. 398; *Hull v. Cavanaugh*, 6 Mo. App. 144. (4) Custom of the agents of the city of St. Louis to violate the ordinance under which work was authorized to be done can have no application against the plaintiffs, whose property is sought to be charged, or taken against their will. The theory of the law of custom is that a contracting party is presumed to contract with reference to a custom that is uniform and universal. But here the plaintiffs were not contracting parties, and there is no evidence that they ever knew of any such usage or custom. The proceeding, so far as the plaintiffs were concerned, was purely *in invitum*, and, therefore, their property cannot be taken except by a proceeding according to law, according to the ordinance in this case. *Greenstine v. Birchard*, 50 Mich. 434; *Van Hoesen v. Cameron*, 54 Mich. 609; *Scott v. Maier*, 56 Mich. 554; *Godcharby v. Wiqueman*, 113 Penn. St. 431; *McCrary v. McFarland*, 92 Ind. 466; *Bank v. Bessell*, 72 N. Y. 616.

Where a statute is clear by its terms, a different construction given by a bureau will not affect rights of parties. *Swift & Co. v. United States*, 105 U. S. 691. (5) There are just two ways known to the law of taking private property. One is by the consent of the owner; the other is by law. In the latter case the law must be strictly pursued. *Leach v. Cargill*, 60 Mo. 316; *City of Kansas v. Swope*, 79 Mo. 446; *Kiley v. Oppenheimer*, 55 Mo. 374; *Cheeney v. Brockfield*, 60 Mo. 53; *Thompson v. City*, 61 Mo. 282; *Matthews v. City*, 68 Mo. 119; *Galbreath v. Newton*, 30 Mo. App. 380. (6) Of course the proceeding before the committee of the board of public improvements could have no effect other than to determine that the work was being done according to contract. But this proceeding is to declare that the contract itself is void for non-conformity with the ordinance. The board has no jurisdiction of this question.

*David Goldsmith* for respondent.

(1) There is no variance between the ordinance and the contract. A literal construction of the ordinance would render the execution of the ordinance impracticable, and will, therefore, be rejected. *Connor v. Railroad*, 59 Mo. 295; Endlich on Interp. of Stat., sec. 295. The language of the ordinance in question is to be construed in accordance with the business sense or trade meaning. *Lee v. Lincoln*, 1 Story, 613; Sutherland on Stat. Const., p. 333; *People v. Hulse*, 3 Hill (N. Y.) 319; *Elliott v. Swartout*, 16 Pet. 151; *The Dunelm*, L. R. 9 Prob. Div. 171; *Soutier v. Kellerman*, 18 Mo. 509; *Whitney v. Hop Bitters Co.*, 2 N. Y. Sup. 458. (2) The ordinance must also be thus construed, owing to the prior usage which had obtained with respect to the execution of similar ordinances. *County Seat of Linn Co.*, 15 Kan. 527; Endlich on Interp. of Stat., secs. 53, 367, 371; Sutherland on Stat.

Const. 355; *Skouten v. Wood*, 57 Mo. 380. (3) Nor need the usage be ancient. *Noble v. Kennoway*, 1 Doug. 510; *Adams v. Ins. Co.*, 95 Pa. St. 356; *Barton v. McKelway*, 22 N. J. Law, 175; *Smith v. Wright*, 1 Caines, 43; *Walls v. Bailey*, 49 N. Y. 469; Lawson on Usages, p. 28, *et seq.* (4) If there was a variance, it was not substantial, and, therefore, did not invalidate the contract. *Sheehan v. Owen*, 82 Mo. 465; *Allen v. Rogers*, 20 Mo. App. 295; *Kemper v. King*, 11 Mo. App. 129; *Gibson v. O'Brien*, 6 S. W. Rep. 28; *Leominster v. Conant*, 139 Mass. 384. (5) The plaintiffs, with knowledge of the alleged variance, availed themselves of the provisions of the contract, and are, therefore, estopped from disputing the validity of the contract. *Pepper v. Philadelphia*, 114 Pa. St. 96; *Ritchie v. South Topeka*, 38 Kan. 368; *New Haven v. Railroad*, 38 Conn. 422; *Tone v. Columbus*, 39 Ohio St. 281; *Gillett v. McLaughlin*, 37 N. W. Rep. 551; *Galbreath v. Newton*, 30 Mo. App. 380; *Ferguson v. Landrum*, 5 Bush, 230; *Powers v. New Haven*, 120 Ind. 185; *Patterson v. Baumer*, 43 Ia. 477; Herman on Estoppel, secs. 1039, 1221; Elliot on Roads & Streets, pp. 420, 421.

BLACK, J.—The plaintiffs are owners of property having a front of one hundred and ten feet on Market street in the city of St. Louis. They brought this suit in equity to set aside and cancel a tax bill issued by the proper city officials to the defendant in payment for work done and materials furnished in reconstructing and repaving the street. The circuit court found the issues for defendant and dismissed the bill, and that judgment was affirmed by the St. Louis court of appeals; but one of the judges being of the opinion that the decision was contrary to *Kiley v. Oppenheimer*, 55 Mo. 374, and *Galbreath v. Newton*, 30 Mo. App. 384, the cause was certified to this court.

The charter of St. Louis makes these tax bills a lien on the property against which they are issued, and the relief is asked in this case on the ground that the tax bill is invalid and constitutes a cloud upon the plaintiff's title, and, therefore, should be set aside.

The ordinance under which the work was done directed the board of public improvements to remove the old pavement and repave the street with granite blocks. It, among other things, provides: "The old pavement shall be removed, and the roadbed properly formed to a depth of eighteen inches below the intended surface of the roadway; on the roadbed a base of hydraulic cement concrete, eight inches deep, shall be laid; on this base there shall be placed a pavement of granite blocks, eight inches deep, set on edge on a bed of clean coarse sand, two inches deep. The blocks shall then be covered with fine hot gravel, and raked until the joints are completely filled."

Plans and specifications were on file in the office of the street commissioner when the defendant bid for the work, and the bids were made by referring to them. These specifications point out all the details of the work; are made part of the contract entered into by defendant and the board of public improvements, and contain this clause: "The blocks shall not be less than eight inches nor more than twelve inches long; not less than three inches nor more than four and one-half inches wide; not less than seven inches nor more than eight inches deep, and dressed so as to approximate closely a rectangular form." According to section 27, article 6, of the charter ( R. S. 1889, p. 2125 ) all contracts must be let by the board of public improvements subject to the approval of the council. The contract with the defendant states upon its face that it is entered into subject to the approval or rejection of the council; and, as nothing to the contrary appears, we must assume that this contract received the approval of the council in due form.

According to the ordinance the granite blocks are to be eight inches deep, while according to the contract they are to be not less than seven nor more than eight inches deep. It is on this difference between the ordinance and the contract that plaintiffs found their cause of action. There is an averment in the petition that the blocks actually used were seven inches and less in depth, and much evidence was introduced on this issue. The weight of the evidence is that the blocks used were from seven to eight inches in depth. There may have been a block, now and then, under seven inches, but the number of such blocks is too small to be entitled to any consideration in this proceeding. Whether the plaintiffs are entitled to reduce the amount of the tax bill under the provisions of section 25 of article 6 of the charter is a question as to which we are not called upon to express any opinion in this case. That matter can be adjudicated in a suit to enforce the tax bill.

We then come to the single question, whether the variance between the ordinance and the contract makes the tax bill void. In order to entitle the city or contractor to recover from the abutting property-holder the expenses of paving or repaving a street, or other local assessment, it must appear that there has been a fair compliance with all the conditions precedent, whether prescribed by charter or ordinance. 2 Dill on Mun. Corp. [4 Ed.] sec. 811. In *Kiley v. Oppenheimer*, 55 Mo. 374, the ordinance required the city engineer to give thirty days' notice by advertisement that proposals would be received for the performance of the work of macadamizing a street. The engineer let the work during the time the publication was being made, and for this non-compliance with the ordinance it was held the contractor could not recover on his tax bill. In *Leach v. Cargill*, 60 Mo. 316, the tax bill was held invalid because of a failure to give the property-owner an opportunity to do the work, the ordinance for doing

the work providing that the property-owner should have such opportunity. In the case of the *City of Kansas v. Swope*, 79 Mo. 446, the charter provided for the establishment of district sewers to be connected with a public sewer or other district sewer or natural course of drainage. The sewer had no such connection, and, for this reason, the tax bill was held invalid.

On the other hand, it was held, in a suit to collect the cost of macadamizing a street, that a substantial compliance with the law must be shown, but that an observance of all the formalities prescribed by ordinance would not be required. *City of St. Joseph v. Anthony*, 30 Mo. 538. Again, this court said, in *Sheehan v. Owen*, 82 Mo. 458, "We are not inclined to turn a plaintiff out of court, who has given his time and expended his money in the improvement of their property, on mere technicalities which in no manner affect the substantial rights or interests of the parties. If, in any material respect, the ordinances of the city bearing upon the question involved had been disregarded by the city authorities or the plaintiff, his suit on his tax bill could not be maintained." These cases are sufficient to show that this court has never adopted the extreme view that, in order to recover for these local improvements, the plaintiff must show a literal compliance with all the provisions of the ordinances. Distinction must be made between those matters which affect the substantial rights of the parties and those which are formal or directory. Now, in this case, the proceedings leading up to the letting of the contract are regular and formal. The alleged fatal defect lies in the difference between the ordinance and the contract as respects the depth of the blocks. Is there any real difference?

It is to be observed, in the first place, that the ordinance in question, directing the work to be done, does not enter into all the details of the work, nor was it necessary that it should do so; for these ordinances are

prepared by the board of public improvements and submitted to the council, and, according to the city charter, "shall specify the character of the work, its extent, the materials to be used, the manner and general regulations under which it shall be executed." Hence, the ordinance provides for an eight-inch concrete base, then two inches of sand, and eight-inch blocks. A literal compliance with this ordinance would require the blocks to be brought to the exact depth of eight inches. This can only be done by the use of a chisel, and the proof is all one way, to the effect that this would more than double the cost of the blocks and render the use of them as paving stones impracticable—a result never contemplated by the council when passing the ordinance. When the language of a statute leads to a manifest contradiction of the apparent purpose of the enactment, a construction may be put upon it which modifies the literal meaning of the words. Endlich on Interp. of Statutes, sec. 295.

It is, therefore, perfectly clear that this ordinance, in speaking of eight-inch blocks, does not mean that they must be of the uniform depth of eight inches; and, on this state of the case, we must look to the subject-matter of which the ordinance treats, and, it being clear that the ordinance does not mean that the blocks shall be exactly eight inches in depth, we may look to the usage to ascertain its true meaning. *Kimball v. Brawner*, 47 Mo. 398.

Now, the evidence shows that these blocks are hammer-dressed, and, necessarily, not exactly uniform. One of the objects of a sand cushion and the use of hot gravel is to fill up the irregular interstices. It seems the board of public improvements started out, some ten years before the date of this trial, with the use of six-inch granite blocks, but the depth was increased from time to time, and for about two years prior to the date of the contract in question the ordinances called for eight-inch blocks. Under these ordinances calling for

eight-inch blocks, the specifications uniformly called for blocks not less than seven, nor more than eight, inches in depth, so that it came to be well understood that an ordinance for eight-inch blocks meant blocks ranging from seven to eight inches.

Again, the plans and specifications were on file in the office of the street commissioner, and bids for the work were made with reference to these specifications. The specifications were then made a part of the defendant's contract, and that contract, with these specifications written out in full therein, was approved by the council. There was no deception or misunderstanding, and the contract is just what the council intended it should be. In view of all these circumstances, it must be, and is now, held that the contract conforms to the ordinance.

The defendant sets up in his answer, as an estoppel, the fact that the plaintiffs and others, under the provision of certain ordinances, made complaint to the board of public improvements that the work was not being done according to contract, and that a committee of the board examined the work, and made a report to the effect that the complaint was not well founded. In view of what we have said, it is unnecessary to discuss this defense, or express any opinion concerning it, for, without any regard to it, the judgment of the court of appeals must be and is affirmed. All concur.