HENRY F. ROSE, Respondent, v. F. G. TRESTRAIL *et al.*, Appellants.

Kansas City Court of Appeals, May 6, 1895.

1. **Municipal Corporations:** STREET IMPROVEMENT: PROCEEDINGS FOR. Proceedings to compel owners of land to pay for improvements in front thereof, are *in invitum*, and substantial performance is necessary to fasten a lien thereon, there being no pre-existing right.

2. ————: ————: PERFORMANCE: INJUNCTION. An ordinance required certain improvements to be completed within thirty days from the taking effect of the contract. On June 17, the contract was made but the work was not begun until October 17. *Held*, that provision as

to time was mandatory and the contract conferred no authority to do the work in October, and an injunction would lie to prevent the work. *Carlin v. Cavender*, 56 Mo. 286, *distinguished*.

3. ——: ——: ——: CONTRACT: DEFENSE. In such action by a landowner, the fact that the city had not graded the street constitutes no defense because the contract made no provision therefor. As to whether a defense in an action by the city for nonperformance, *quære*.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*R. J. Ingraham, George & Lowe* and *C. O. Tichenor* for appellants.

The court sustained the injunction upon one point alone, viz: That time was of the essence of the contract; that, inasmuch as nothing was done within the thirty days, therefore the contract became void. "Time does not become of the essence of a contract unless so declared or indicated by the circumstances." *Brown v. Trust Co.*, 128 U. S. 415; *Hoffman v. Railroad*, 157 Pa. St. 194; *Dyman v. McCulloch*, 46 N. J. Eq. 14; *Waterman v. Banks*, 144 U. S. 403; *Cheney v. Libby*, 134 U. S. 77; *Mastin v. Grimes*, 88 Mo. 485; *Murray v. Kansas City*, 47 Mo. App. 105; *St. Louis v. Bissel*, 41 Mo. App. 430; *Steffen v. Fox*, Sup. Ct. Mo.; 28 S. W. Rep. 70.

*H. Q. Bridges* and *R. H. Maybury* for respondent.

(1) It is well settled in this state that proceedings by municipal corporations, to compel the owners of land abutting on a street or alley to pay for improvements in front of their property, are *in invitum*, and a strict performance of all conditions imposed is neces-

sary, in order to fasten a lien or charge on the property of the citizen. *Construction Co. v. Geist*, 37 Mo. App. 509; *Pepper v. Philadelphia*, 114 Pa. St. 112; *Kiley v. Oppenheimer*, 55 Mo. 374; *Cole v. Skrainka*, 105 Mo. 309; *Leach v. Cargill*, 60 Mo. 316. (2) The fact that the time within which the work should be completed was so expressed in both ordinance and contract, makes it clearly of the essence of the contract, and it is a dependent covenant. *Steam Co. v. Bissel*, 41 Mo. App. 426; *Strassheim v. German*, 56 Mo. 104; *Russell v. Ins. Co.*, 55 Mo. 585; *Higgins v. Railroad*, 60 N. Y. 557; *Carlin v. Cavender*, 56 Mo. 286; *Philadelphia v. Jewell*, 135 Pa. St. 338; *Hall v. School District*, 24 Mo. App. 213.

SMITH, P. J.—The plaintiff applied for an injunction to restrain the defendants, Trestrail and the city of Westport, from curbing McGee street, between Thirty-first and Thirty-third streets.

It appears that a city ordinance was passed and approved June 15, 1893, directing the work to be done. By section 3, it was provided that, "the work shall be completed within thirty days from the time a contract therefor binds and takes effect, etc." That afterward, on the seventeenth day of June, 1893, the city and defendant, Trestrail, entered into a written contract for doing the work and in which it was stipulated that the work should be completed in thirty days after the contract went into effect. The work of laying the curbing was not begun until October 14, 1893, which was nearly ninety days after the making of the contract for the same. After hearing of the case, the court below decreed that the preliminary injunction which had been granted be made perpetual and from this decree defendants have appealed.

The decisive question presented by the appeal for

our determination is, whether the contract was in force at the time the work was performed; for, if not so, the decree was erroneous.

It is the well settled law of this state that proceedings by municipal corporations to compel the owners of land abutting on a street to pay for improvements in front thereof, are *in invitum*, and a substantial performance of all the conditions imposed is necessary in order to fasten a lien thereon. The owner of a tax bill issued for local improvements, in order to recover, is not required to show a strict and literal compliance with all the provisions of the ordinances relating thereto. *Cole v. Skrainka*, 105 Mo. 309; *Steffen v. Fox*, — Mo. — (28 S. W. Rep. 70.) The ability of a city to create a lien on the property of the abutting landowners, for street improvements made in pursuance of the provisions of its ordinances authorizing the same, is not founded on any preexisting right, but rests exclusively on a substantial adherence to the method prescribed by such ordinances. Many cases illustrative of this doctrine are referred to in *Kiley v. Oppenheimer*, 55 Mo. 374; also see *Leach v. Cowgill*, 60 Mo. 316.

In the present case it does not appear that there was a substantial compliance with the contract within the time it required. The work, as has already been stated, should have been completed within thirty days after the making of the contract, or by July 17, but, instead of that, it was not commenced until three months later, or on October 17. No ordinance was passed by the board of aldermen to extend or revive the contract. If the contractor could defer performance for three months, why not for three years, or for any other length of time?

Cases may, and often do, arise where the bid of the contractor is below what the work can be done for, without subjecting him to loss. If he finds himself in

this unhappy predicament, all he has to do, if the defendant's contention be correct, is to wait, before proceeding with the execution of his contract, until the price of labor and material are such that he can profitably execute it. He need not pay any attention to the restriction of his contract as to time. All he is required to do is to perform the contract at such time as is most advantageous to himself, and, consequently, most disadvantageous to the property owners. The landowner can be protected against these injurious consequences in no other way more effectually than by so construing the ordinance as to exact a substantial compliance with the contract within the time fixed by the ordinance. Such a construction is a shield against that injustice which, otherwise, would be left within the power of the contractor to inflict.

The city charter, section 1592, Revised Statutes, provides that the board of aldermen shall have power by ordinance to levy and collect a special tax on the owner or occupier of any property on any street, for the purpose of curbing the same in front of such property, and when the work shall be ordered by the board of aldermen, it shall be done in the manner, and with the materials designated in the ordinance. Pursuant to this charter provision, the ordinance authorizing the contract in question was passed. The third section of this ordinance, already quoted, was in the nature of a *proviso.* It operated as a limitation upon the authority of officers of the city, who were ordered to contract for the work. The ordinance conferred no express or implied authority to make a contract for the work, which was not to be completed within thirty days after it took effect. Time is, therefore, of the very essence of the ordinance and the contract made in conformity to it. It was no less than a statute of the city. The rules is that, when a statute provide for

doing work by contract, and a time is fixed for a completion of the work, it is of the essence of the contract that the work be completed within such time, or an authorized extension thereof. A failure to complete the work within the required time renders all further or subsequent proceedings invalid. *Tierney v. Dougherty*, 53 Cal. 621; *Beverage v. Livingstone*, 54 Cal. 57; *Owins v. Haydensfelt*, 6 Pac. Rep. 423.

But it is contended that the law has been otherwise declared in *Carlin v. Cavender*, 56 Mo. 286. A careful examination of that case will show this contention is not well founded. It will be seen that in that case, where the work was let out and performed, there was a general ordinance prescribing the size and character of the materials to be used. The ordinance did not, as here, prescribe or fix a time in which the work was to be done. But it may be inferred that the contract did prescribe such time. In answer to the objection that the ordinance did not prescribe or fix a time for doing the work, the court said: "So far as the time is concerned in which the work was to be done, we think the ordinance sufficiently explicit. The engineer is authorized and empowered to cause the work to be done. This conferred on him full authority. By no fair construction are there any requirements fixing the precise day when the work should be commenced, or within what period it should be finished. * * * There was obviously no merit in the point that the work was not completed within the time limited by the contract. There is nothing to show that time was of the essence of the contract."

It thus appears that the work there was done under a general ordinance that prescribed *no time for its completion*, but that in the present case, the ordinance authorizing the improvement, *fixed* a period for its completion. There is an obvious distinction and

difference in the two cases. In that case, time was not of the essence of the ordinance, while in this it manifestly is. The prescribing the period for the completion of the improvement, both in the ordinance and the contract, clearly evinces an intent not to permit the exercise of any discretion in respect to the time in which the improvement was to be completed.

In *French v. Wallace*, 13 Wall. 506, it is said: "When the requisitions prescribed are intended for the protection of the citizen and to prevent a sacrifice of his property, and by disregard of which his *rights might be and generally would be injuriously* affected (italics ours), they are not directory, but mandatory. They must be followed or the acts are invalid. The power of the officer in all such cases is limited by the measure and conditions prescribed for its exercise." Accordingly, we are of the opinion that the proviso in the ordinance, requiring the completion of the improvement within a prescribed time, was mandatory, and that a compliance with it was a condition precedent to the right of the contractor to any lawful demand against the abutting landowner.

The contractor bound himself to complete the work within thirty days from the taking effect of his contract. It was no excuse for his default that the city had not graded the street, so that he could accomplish performance within the contract period. The rule is that where a party by his own contract creates a duty or charge upon himself, he is bound to make it good, if he may, notwithstanding any accident or inevitable necessity, because he might have provided against it by his contract. *Beater v. Coal Co.*, 56 Mo. App. 221; *Brinkenhoff v. Elliott*, 43 Mo. App. 186; *Fulkerson v. Eads*, 19 Mo. App. 620. It may be that, in an action by the city against the contractor on a contract of the kind, for nonperformance, such a

defense would be valid; but, however that may be, it is certain that no default of the contractor, whatever its cause, can have the effect to perpetuate the life of the contract beyond the time fixed by the ordinance, under the authority of which it was made. If these views are correct, the contract had expired long before the time when defendants were prevented from proceeding further under it by the injunctive process.

According to the principles established by the precedents in this state, this action for an injunction was properly brought. *State v. Phillips*, 97 Mo. 339; *Bayha v. Taylor*, 36 Mo. App. 434.

It inevitably follows from the foregoing considerations that the decree of the circuit court will be affirmed. All concur.