GILSONITE ROOFING & PAVING COMPANY, Respondent, v. ALEXANDRIA H. HANDLAN, JR., Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. SPECIAL TAXBILLS: Charter of City of St. Louis: Evidence of Irregularity in Proceedings for Improvement Admissible. While it is true that a special taxbill is made prima facie evidence by the charter of the city of St. Louis, it may nevertheless be attacked for irregularity in the proceedings leading up to the passage of the ordinance providing for the improvement and the issuance of the taxbill; and hence in an action on a taxbill evidence of the proceedings leading up to the passage of the ordinance directing the street improvement on which the bill was issued was admissible to show non-compliance with the charter provisions.

2. ——: ——: ——: Exclusion Harmless Error. In an action on a taxbill, error in excluding evidence offered to show non-compliance with charter provisions was harmless where the offered evidence did not show such non-compliance.

3. ——: ——: Remonstrance Against Improvement: Proceedings in Municipal Assembly. Under section 16 of article 6 of the charter of the city of St. Louis, where the Board of Public Improvements forwards a draft of the ordinance for a proposed improvement to the Municipal Assembly, accompanied by a remonstrance against it, it is not essential to the validity of the ordinance that the remonstrance be read in the houses of the Municipal Assembly.

Appeal from the St. Louis City Circuit Court.—*Hon. Geo. H. Williams,* Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

(1)   The court erred in striking out all the allegations of the answer, and in rejecting all the evidence offered in support thereof, and of the counterclaim, for these reasons: The records of legislative bodies are not conclusive, and it will only be conclusively presumed that the two houses of the Assembly did what their journals say they did, no more, no less. Miller v. Dunn, 62 Mo. 216; Baker v. Underwood, 63 Mo. 384; Chandler v. Bailey, 89 Mo. 641; State ex rel. v. Wayne Co., 98 Mo. 362; Owen v. Baker, 101 Mo. 407; Bailey v. Winn, 101 Mo. 649; State ex rel. v. Mastin, 103 Mo. 506; St. Joseph v. Farrell, 106 Mo. 437; Mitchner v. Holmes, 117 Mo. 185; State ex rel. v. Bank, 120 Mo. 161; Railroad v. Jones, 54 Mo. App. 529; State ex rel. v. Slover, 126 Mo. 652; State ex rel. v. Field, 119 Mo. 533; St. Louis Co. Ct. v. Griswold, 58 Mo. 176; Sedalia v. Scott, 104 Mo. App. 687; Paving Co. v. O'Brien, 128 Mo. App. 282.   (2)   The power to pass ordinances must be exercised in the manner prescribed by law. Trenton v. Coyle, 107 Mo. 193; Saxton v. St. Joseph, 60 Mo. 153; Stewart v. Clinton, 79 Mo. 107; State ex rel. v. Barlow, 48 Mo. 17; Saxton v. St. Louis, 56 Mo. 277; Parkinson v. Partridge, 2 Mo. App. 60, 95 S. W. R. 316; Boonville

Roofing & Paving Co. v. Handlan.

v. Stephens, 28 Cyc. 333; Knopfi v. Roofing Co., 92 Mo. App. 279; Sedalia v. Scott, 104 Mo. App. 599; Sedalia v. Montgomery, 109 Mo. App. 220; Paving Co. v. O'Brien, 128 Mo. App. 282.   (3)   The counterclaim is valid.   The petition admits partial payment of $551.72. The bill being void, could not be the basis of a valid demand or cause of action.   Respondent has received that much money from appellant without consideration and must repay it:   (a)   Whenever money has been received which in equity and good conscience belongs to another it may be recovered in an action for money had and received.   Pipkin v. Assn., 80 Mo. App. 1; Richardson v. Drug Co., 92 Mo. App. 515; Gwin v. Schnur, 49 Mo. App. 361; Henderson v. Koenig, 192 Mo. 690; Clifford v. Donovan, 195 Mo. 262; Stout v. Hardware Co., 110 S. W. 619.   (b)   It lies where the sum paid was not in fact due.   Davis v. Krum, 12 Mo. App. 279. (c)   Even money paid by mistake of law can be recovered if it was not equitably due.   Foster v. Kirby, 31 Mo. 496; Lyle v. Shinnebarger, 17 Mo. App. 66.   (d) When a void lien is paid off, the amount paid may be recovered.   Handy v. Call, 30 Me. 9.

*Nagel & Kirby* for respondent.

(1)   The charter of the city of St. Louis nowhere requires that remonstrances against street improvements shall be considered by the municipal assembly. (2)   Even if the charter inferentially requires the consideration of a remonstrance by the municipal assembly, there is no provision requiring the entry of such consideration in the journal, and in the absence of evidence to the contrary, it will be presumed that the ordinance was properly enacted.   State ex rel. v. St. Louis, 169 Mo. 31; Cox v. Mignery & Co., 126 Mo. App. 669.   (3) Even if the charter had expressly required the consideration of such remonstrances by the assembly, still un-

less such provision were mandatory, the failure to observe it would not invalidate the ordinance. St. Louis v. Foster, 52 Mo. 513; State ex rel. v. Mead, 71 Mo. 266; Water Co. v. Aurora, 129 Mo. 540; State ex rel. v. Wilder, 211 Mo. 305; Porter v. Paving & Construction Co., 214 Mo. 1. (4) The plea having been stricken from the answer, all the evidence offered was properly excluded. Vieths v. Planet Co., 64 Mo. App. 207. (5) The record fails to show under what circumstances the amount of the counterclaim was paid, and no basis was laid for a judgment thereon in favor of appellant.

REYNOLDS, P. J.—This is an action on a special taxbill for a balance of $2573.29, the taxbill having been issued on account of the reconstruction of Grand avenue between Laclede and Manchcester avenues, in the city of St. Louis. The taxbill was originally for $3125.01, but prior to the institution of the action appellant had paid one installment, $551.72. The plaintiff in its petition gives credit for this payment and asks judgment for the balance with interest as provided by ordinance. The answer, after a general denial, pleads the proceedings in the board of public improvements and municipal assembly of the city of St. Louis, leading up to the passage and approval of the ordinance, and prays for cancellation of the taxbill as void. The matter pleaded in this answer in avoidance of the order and the taxbill issued thereunder is, in substance, that a remonstrance against the proposed improvement was lodged with the board, the remonstrance being signed by over eighty-six per cent of the property-owners adjacent to the proposed reconstruction; that the board overruled the remonstrance and unanimously voting in favor of the ordinance for reconstruction, submitted a draft of the proposed ordinance, accompanied by the remonstrance, to the municipal assembly; that the house of delegates and the city council considered the ordinance submitted and passed it by the requisite vote

of two-thirds of the members of each body; but that neither house had considered the remonstrance accompanying the ordinance; that each had failed and refused to consider the said remonstrance. This, it is claimed, is in violation of sections 14 and 16 of article 6 of the charter of St. Louis. Following this is a plea of the two-years Statute of Limitations as against the bill, and a counterclaim or cross-petition for the recovery of the $551.72, paid by defendant on the taxbill, is interposed, it being averred as a reason why this should be recovered, that defendant had paid it, at the time not knowing that the taxbill was illegal, null and void and was not a lien upon and against his property. A motion was sustained to strike out all those parts of the answer relating to the failure of the municipal assembly to consider the remonstrance and that part of it pleading the two-years Statute of Limitations, defendant duly saving exceptions. On a trial of the case before the court, a jury having been waived, the service of the special taxbill on defendant, that since the service nothing had been paid on account of the taxbill, and that the balance remained unpaid, was admitted. This was all the evidence offered by plaintiff.

The defendant thereupon offered in evidence the minutes of the meeting of the board of public improvements, showing the public meeting held in accordance with notice; the minutes of the meeting of the board before which the remonstrance of eighty-six per cent of the owners of the land made taxable for the improvement was presented, heard orally and referred to the committee on street department; the report of that committee that on investigation they had ascertained that the owners of the major part of the property on the line of the proposed reconstruction, that is to say eighty-five and six-tenths per cent of the property, had remonstrated against the same and that fourteen and four-tenths per cent of the property-owners petitioned for brick paving; that the board had overruled the remon-

strance; approved the improvement, notwithstanding the remonstrance; adopted and drafted an ordinance by unanimous vote of the board; submitted the same to the house of delegates, accompanied by the remonstrance of a majority of the property-owners within the boundaries of the district subject to taxation for the proposed improvement, and setting out that notwithstanding this remonstrance, the board was unanimously of the opinion that public interest demanded that the improvement as proposed in the above named ordinance be made and that the ordinance is recommended to the municipal assembly for passage by the unanimous vote of the board. Defendant also offered the minutes of the house of delegates in connection with the ordinance and the passage thereof, the first entry showing that at a meeting of the house, the proposed ordinance was reported and as the record shows, "accompanying the above named ordinance are remonstrances of a majority of the property-owners with the boundaries of the district subject to taxation for the proposed improvements, to-wit, remonstrances of A. H. Handlan et al." The remainder of the record offered shows the passage of the ordinance through both houses of the municipal assembly by the requisite two-thirds vote, but does not contain any further references to the remonstrance, nor does it show affirmatively that the remonstrance was read in either house. This testimony, when offered, was objected to as irrelevant and immaterial, the objection sustained and the matter excluded by the court, defendant excepting. This was all the evidence offered and at its conclusion the court rendered judgment against defendant on the taxbill for the amount claimed and interest.

There is but one point presented demanding attention or consideration, for upon its determination rests the determination of the case; that is, whether it should appear affirmatively by the records of the two houses of the municipal assembly that the remonstrance was

read and considered by each house. It was held by this court, in the case of Fruin-Bambrick Construction Company v. Geist, 37 Mo. App. 509, that in order to fasten the liability for street improvements upon abutting property, a strict compliance with the conditions imposed by the law authorizing the assessment of the property is necessary. The charter provision (section 14) is set out in the report of the Fruin-Bambrick Construction Company case and we need not load down this opinion with a full quotation of it. It is also in the appendix to the Revised Statutes 1899, as in the charter of the city of St. Louis. Section 16 of the same article of this charter provides: ˅

"Upon the recommendation of any ordinance by the board of public improvements, the assembly shall have the power, when such ordinance shall be accompanied by a remonstrance as hereinbefore provided, by a vote of two-thirds of the members-elect of each house, and in all other cases by a vote of a majority of the members-elect of each house, to pass such ordinance, and order the making of such improvement."

We think that the evidence offered by the defendant of the proceedings leading up to the passage of the ordinance should have been admitted, their effect when in as probative evidence being another matter. The court undoubtedly erred in excluding them. This was also relevant evidence under the counterclaim. It is true that the taxbill is prima facie evidence, made so by the charter of the city, but it was open to the defendant to attack it, by showing irregularity in the proceedings leading up to the passage of the ordinance and the issue of the taxbill. Defendant's claim was that the record offered showed non-compliance with the charter provisions. It was competent for that purpose. That when introduced it did not prove the non-compliance, went to its probative force. That irregularity or disregard of the charter or the law may be shown in avoidance of the taxbill, is clear. This is the settled law of the state,

as shown in numerous cases following the decision of Fruin-Bambrick Construction Company v. Geist, supra. As see Cox v. William Mignery & Co., 126 Mo. App. 669, 105 S. W. 675, and State ex rel. Crow v. St. Louis, 169 Mo. 31, 68 S. W. 900, and authorities there cited. But with this evidence, set out as it is in full in the record, the error of the learned trial court in excluding it is immaterial, and not reversible error. The record offered does not show non-compliance with any charter provision. There is no pretense that the remonstrance was not forwarded by the board to the municipal assembly along with the proposed ordinance. The minutes of both houses, as offered, show that fact. We find nothing in the charter of the city, nor any provision of any other law, requiring the remonstrance to be read, nor requiring that it appear affirmatively in the records that it was even considered. The presumption of regularity which attends upon the proceedings of all legislative bodies, makes a prima facie case for plaintiff even on the production of these proceedings. With them in, it was open to the defendant to attack them by affirmative evidence, and show that the requirements of the statute had not been complied with; as for instance, illustrated in the cases above cited, it was open to the defendant if the board had reported that no remonstrance had been signed by the requisite number of property owners, or if the board had failed to report a remonstrance, to show that, notwithstanding the statement of the board, in point of fact a remonstrance had been filed and that the requisite number had remonstrated. No such case is here presented. All that is claimed to be lacking is a record of the fact of reading and consideration of the remonstrance. The charter does not require a reading of the remonstrance in either house. All that it requires is that it be filed with, and returned to the houses by the board with the proposed ordinance. That being done, the remonstrance being on file, as it was in this case, it is open to inspection by anybody, to de-

termine whether or not the law has been complied with. We are unable to see why a reading of the remonstrance to the two houses in open session would be of any service whatever to either of the bodies with which it was lodged. The fact of its being lodged with them is the important fact. It having been duly brought to their attention by their journals and by the act of the board of public improvements in calling attention to it in submitting their draft of the ordinance, all that a reading of it would show, would be that John Smith and others, owners of a majority of the property affected, had remonstrated against the ordinance. They had that fact before them, as their journals show. That warned them that the ordinance could only pass by vote of two-thirds of each house. It received that. The learned counsel for the appellant has submitted a very full brief, backed up by many authorities in support of his proposition, that the proceedings of the council and house are open to attack and that they must be regular and must comply with the statute or the charter or the acts are void. We make no contention over this proposition. The trouble with its application to this case is, that there is nothing whatever to show any irregularity or omission of any kind in connection with the passage of this ordinance under which this special taxbill was issued. We have heretofore, in the case of Fruin v. Meredith, 145 Mo. App. 586, 122 S. W. 1107, passed on the question of the two-year limitation as connected with these special taxbills and have nothing to add to what we there held on this point. The judgment of the circuit court is affirmed. All concur.