CITY OF SPRINGFIELD ex rel., W. R. UPDE-
    GRAFF, Respondent, v. F. T. MILLS et al., Ap-
    pellants.

St. Louis Court of Appeals, February 17, 1903.

1. **Municipal Improvements:** CONTRACT FOR CONSTRUCTING SIDEWALK: ORDINANCE, CONSTRUCTION OF. Where a contractor for the construction of a sidewalk in a city, submitted a bill for the work, which bill was accepted by the city council by an ordinance passed November 15th, which provided that it should be in force from and after approval by the mayor and publication, and it was approved by the mayor November 16th, and published November 19th, and the contractor had until November 29th to file his contract and bond, and the court found he completed his bond and contract November 23d and deposited it with the city clerk on that day, but on account of the absence of the mayor it was marked filed on the 25th and was approved by the mayor on the 28th; *held,* that the bond and contract were filed within the time required by the ordinance.

2. **Municipal Corporations:** CONSTRUCTION OF SIDEWALK. That a city lets the work to a contractor for constructing a sidewalk within the time in which the property-owner was allowed to construct it himself, does not affect the validity of the taxbill for the improvement, the property-owner not having availed himself of the right to put down the walk, and the contractor having done the work after his time therefor had expired.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

Affirmed.

*John Schmook* for appellants.

Failure to complete the work for which the contract is let within the time therein stipulated, renders the taxbill void. Time is held, under the circumstances, to be of the essence of the contract. The fact that permits had been granted for a portion of the work lying within the designated territory did not relieve the contractor from the duty of completing the entire work where such permits expired by lapse of time, unless such portion for which permits were granted was expressly excepted from the contract. The contractor bound himself to complete the entire work within sixty days from date of his contract, without qualification. Rose v. Trestrail, 62 Mo. App. 358; City of Springfield to use v. Davis, 80 Mo. App. 574; Childers v. Holmes, 68 S. W. 1046; City to use v. Clemens, 49 Mo. 552; City of Independence v. Gates, 110 Mo. 374.

*White & McCammon* for respondent.

(1) The taxbill introduced by plaintiff made out a prima facie case. It was evidence of the "regularity of the proceedings," "of the validity of the bill, of the doing of the work and the furnishing of the material charged for, and the liability of the property to the charge stated in the bill." R. S. 1899, sec.

5858; Seibert v. Allen, 61 Mo. 482; Keith v. Bingham, 100 Mo. 300.   (2)   The burden was on the defendant to show any facts which would invalidate the taxbill, and none were shown.   (3)   A   substantial   compliance with the ordinances is sufficient to sustain the validity of a taxbill.   Cole v. Skrainka, 105 Mo. 309; Steffen v. Fox, 124 Mo. 630; Springfield v. Knott, 49 Mo. App. 612.

GOODE, J.—A judgment was entered in the circuit court of Greene county for $22.15 for the construc-tion of a second-class sidewalk four feet in width on the north side of Locust street in the city of Springfield, Missouri.   The work was done by a contractor by the name of Boyle, who assigned the taxbill to the relator, Updegraff.

These  defenses were  interposed:  First, by an ordinance of the city of Springfield, the council of that city was authorized to grant the property-owners permission to construct sidewalks in front of their property, and said council on November 15, 1898, granted appellant permission to   construct a walk in   front of his property within   thirty days from that   date, yet, notwithstanding this permission, the council on November 16, 1898, accepted a bid from the plaintiff's assignor, Boyle, for the same work and on November 28th entered into a contract with Boyle, the latter having full knowledge of the permission theretofore granted to appellant to build the walk himself.   Second, that the taxbill was void because Boyle failed to enter into a written contract and bond with the city for the performance of the work within ten days after the acceptance of the bid as the city ordinances required him to do.   Third, the bill was void because the contract for the work made November 28th, provided that it should be completed within sixty days from said date and Boyle failed to complete it within that period.

It should be stated that other persons owned lots

on either side of Locust street which would be bordered by the contemplated walk and the city council had given permission to some of those persons November 1, 1898, to construct walks in front of their property within thirty days from that date. The appellant contends that Boyle did not finish the two walks on either side of Locust street within sixty days from the date of his contract as he was bound to do regardless of the permission granted to the owners to construct their own walks.

We will take up the points raised on this appeal as they are stated by the appellant.

Is the taxbill void for failure to enter into an approved contract and bond within ten days from the acceptance of the bid?

In answering this question regard must be paid to certain facts in evidence. Boyle's bid was accepted by the council by an ordinance passed November 15th, which provided that it should be in force from and after approval by the mayor and publication. It was approved by the mayor November 16th and published November 19th. Boyle, therefore, had until the 29th to file his contract and bond. The circuit court found he completed his bond and contract November 23rd and deposited it with the city clerk on that day, but, on account of the absence of the mayor it was marked filed on the 25th and was approved by the mayor on the 28th. Those facts settle beyond controversy that the bond and contract were filed within the time the ordinance required them to be.

What was the effect on the taxbill of letting the work while the time in which Mills might do it himself was still running?

The time allowed Mills for completing the walk if he chose to build it expired on the 15th of December, as he had to build it within thirty days from the date permission was granted him. The circuit court found Boyle constructed the walk in front of Mills' property some time after December 20th and after the expiration

of the time in which Mills was permitted to do it. Said court also found Boyle completed all the work on said street, including the work in front of appellant's property, within the sixty days allowed by the contract. It thus appears that Boyle did not begin work in front of Mills' property until after the time in which Mills might build the walk had elapsed, and notwithstanding that late beginning it was completed within the sixty days limit. The only ground for appellant's contention that the work was not completed in the time given, is that some of the property-owners did not finish in front of their lots; but that fact can not prejudice the contractor or his assignee.

It doubtless would be better for city councils to refrain from letting contracts for improvements to some one else, when they have granted permission to property-owners to make the improvements, until after the time in which the property-owners may make them expires. But certainly no harm was done by the irregular way in which this work was let, inasmuch as Mills did not avail himself of the right to put in the walk. We can not vacate taxbills for trivial irregularities. Cole v. Skrainka, 105 Mo. 309.

As to the time in which the work had to be finished to render the taxbill valid, that was unquestionably sixty days from the letting of the contract. The above recitals from the finding of the circuit court show Boyle did finish all the walks on the street within that time, or that said court so found, and its finding is conclusive as to the facts; and in truth, the appellant has set out no evidence for us to review.

Appellant has much law on his side in regard to the avoidance of a taxbill by the failure of a contractor to complete the ordered improvements within the time limited by the contract, but no facts on which to avoid this taxbill, conceding him all the law he claims.

The judgment is therefore affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.